Mr. Justice James
delivered the opinion of the Court:
This is an action for injuries alleged to have been caused by the defendant’s neglect of duty in its care and management of streets. The ground of complaint in the original declaration was that an accumulation of ice and snow was, after due notice, negligently suffered to lie on the sidewalk on the south side of Pennsylvania avenue, between Fourteenth and Fifteenth streets, whereby the plaintiff’s injuries were caused. The ground of complaint in the first amended declaration was that a defect in the pavement itself had long been negligently suffered by the defendant to continue at the place above mentioned, and that by means of this defect, and of a coating of ice and snow, the injuries complained of had been caused.
*283 More than three years afterwards a third declaration was filed containing the same allegations and the following in addition:
“That the plaintiff, at the time aforesaid, to wit, on the 4th day of February, 1882, was a clerk in the employ of the United States, being such clerk in the War Department of the United States, and receiving pay for her services as such clerk the sum of $100 per month ; that by means of such injuries so sustained by her as aforesaid she became sick and lame so as to be unable to attend upon and discharge her duties as aforesaid, and was by means thereof compelled to be frequently absent from her position and service as such clerk; and that by reason thereof she, the said plaintiff, was on the 15th day of October, 1885, discharged from her said position as clerk aforesaid, so that .she thereafter failed to receive the said payment for her said services, and the same became and was and is wholly lost to her, the said plaintiff, to her damage of $5,000.”
“That the plaintiff, at the time aforesaid, to wit, on the 4th day of February, A. D. 1882, was and for a long time prior thereto had been in the full possession of her physical strength and health, and that by reason of said injury the said plaintiff was and is permanently hindered and prevented from attending to her necessary and lawful business, to her damage of $20,000.”
The defendant pleaded to this last declaration :
“1. That it is not guilty as the said plaintiff hath alleged.
“ 2. And, for a further plea, the defendant says that the alleged cause of action set out in the plaintiff’s supplemental and amended declaration did not accrue within three years next before the filing of said supplemental and amended declaration herein.”
It does not appear in the record that any joinder was filed. The case, however, proceeded to trial as if issue had been joined on the plea of limitation. At the argument *284 it was accordingly insisted that the last declaration sets out a new cause of action, accrued three years before it was filed.
This argument substantially assumes that the amendment complains that the defendant had wrongfully deprived the plaintiff of an office and of its emoluments. We find, however, that it only complains of the original injury, and that its purpose and effect are merely to state a special damage resulting from that injury. Whether such special damage is recoverable in this action is not the question. It is enough that no new cause of action is set out.
We proceed, then, to consider the case stated.
The testimony tended to show that, for a considerable time before the injury suffered by the plaintiff, two adjoining sections of the sidewalk, at the place referred to, had been of unequal level, and that these unequal planes had been connected by a declivity about 8 or 9 inches wide, forming a somewhat steep descent declining eastward ; that the plaintiff, after leaving the Quartermaster General’s Office, her place of employment, walked along the sidewalk eastward toward Fourteenth street, and stepped upon this eastward declivity and slipped and fell, and was thereby greatly injured. It also tends to show that this declivity had been made slippery and dangerous to foot passengers by either ice or snow lying upon it. Whether ice had formed there is disputed, but it is not disputed that this declivity was a defect, and that it was covered at least with snow; nor does it seem to be disputed in the argument for the defendant that it was rendered dangerous by whatever was lying upon it, whether it was snow or ice.
The defendant insisted at the argument that upon these facts no recovery could be had under the declaration in this case. The allegations referred t'o are as follows: “Yet, nevertheless, the plaintiff alleges that heretofore, to wit, on the 4th day of February, A. D. 1882, the said highway and sidewalk was out of repair and in a dangerous condition *285 by reason of the gross negligence and default of the defendant, of all which the defendant had notice; yet, nevertheless, to wit, on the day and year aforesaid, the defendant, not performing or regarding its duty as aforesaid, wrongfully permitted and allowed the said public highway and sidewalk or street as aforesaid to be and remain out of repair and in a dangerous and unsafe condition, unguarded and without fixing or placing, or causing to be fixed or placed, any light or lights, signal or signals, barricades or other warning or protection, at or near the boundary line on said sidewalk, between lots 1414 and 1416 on Pennsylvania avenue, in said District, at which place there was a certain steep and precipitous descent on the sidewalk from lot 14T4 to lot 1416, caused by the grade of the sidewalk in front of lot 1416 having been raised above the grade of the sidewalk in front of said lot 1414 about 10 inches, which said sidewalk, at the place aforesaid, was at the time aforesaid covered with ice and snow; by means of, and in consequence of such gross negligence and failure of defendant to perform its duty in that respect aforesaid, the plaintiff then and there, to wit, on the day and year aforesaid, at about 4 o’clock in the afternoon of said day, while walking moderately and carefully along said street and sidewalk in front of said lots Nos. 1414 and 1416 on said Pennsylvania avenue, stepped her foot upon said steep and precipitous descent so covered with snow and ice as aforesaid, in endeavoring to pass along and over the same, which was th-e'n and there, and for a long time had been, in and on the sidewalk aforesaid, at the place aforesaid, left unguarded and unprotected in any manner whatsoever as aforesaid, through the gross negligence and default of the defendant, whereby the plaintiff was thrown down to and upon said steep and precipitous descent so covered with ice and snow as aforesaid.”
These allegations are to the effect that the dangerous defect by which the plaintiff suffered injury consisted of a certain inequality and declivity in the pavement and of a *286 coating of ice and snow, and that the defendant had such notice of this condition as to render it liable for injuries thereby produced. The question is, what facts may be held equivalent to the case stated in the declaration.
It was argued on the part of the defendant that as there is. no allegation that the declivity in the pavement was of itself a dangerous defect, the gravamen of the complaint is that the snow was negligently allowed to lie there after sufficient notice, and that the proof did not show'such a lapse of time after the storm as to justify a finding that the defendant had knowledge that the snow had caused a dangerous defect. This argument assumes that the snow is substantially the dangerous defect alleged by the plaintiff, and that knowledge of this substantive defect can be inferred only after lapse of time.
The evidence tended to prove that the inequality and abrupt declivity referred to was itself a defect; that this defect had long been known to the defendant; that it was a natural consequence that it should become slippery and dangerous when coated with snow or ice, and that it actually became dangerous by this means. It was unnecessary to prove that in this climate snow was to be expected; that was a fact known to the jury by common experience and without special proof, and is, therefore, to be regarded as a part of the situation which the evidence tended to prove. The question, then, is what knowledge does such evidence bring home to the defendant? We think that, upon proof to this effect, the jury had a right to find that the defendant had antecedent knowledge that the pavement was defective, knew that snow-storms were likely to occur and must be expected in this climate, knew that the natural consequence of the presence of snow upon such a declivity was that this defect should become slippery and dangerous, and necessarily knew, in common with all persons in this District, that a snow-storm had occurred. In other words, the jury had a right to find that the defendant had notice that the declivity *287 in question was in a dangerous condition at once upon the happening of the snow-storm.
It is the knowledge of existing danger which imposes the duty to act, and this knowledge may be shown by circumstances. In certain cases, where the dangerous defect has come without warning, knowledge that it has come is to be imputed only after the lapse of reasonable time for finding it out by the exercise of due diligence in the work of supervision ; but when the defendant had notice that the danger would exist in a certain event, and then knew that the event had occurred, the law imposes at once the duties and liabilities which follow knowledge. There is no reason to allow-time for finding out what must be assumed to be known, because it is the duty of the party to know it.
According to these principles, the jury were justified by the weight of the evidence, as we think, in finding that the defendant knew, on the morning of the injury, that the defect in question had become dangerous, and that the defendant’s omission to place there any warning to foot passengers by 4 o’clock in the afternoon, wrhen the injury occurred, was negligence.
We have considered the case of Clark vs. Chicago, 4 Bissell, 486, and Chicago vs. McGiven, 78 Ill., 347, cited on the part of the defendant. We concur with the dissent of the chief justice in the last-named case.
We think, then, that the evidence of the defendant’s negligence was admissible under the declaration in this case, and that its weight tended to establish such negligence.
But it is claimed by the defendant that the plaintiff’s own testimony shows that she was guilty of contributory negligence. After describing an irregular and sunken spot in the declivity which has been mentioned as the spot where she fell, and stating that she was in the habit of passing along that sidewalk every day, the plaintiff testified as follows:
“ That the snow remained upon the sidewalk upon which *288 the' plaintiff fell during the day of the accident, and was there when the plaintiff fell that afternoon; that it was several inches deep; that she did not observe this depression in the sidewalk at the time she fell; that the snow was quite deep there and she could not see the hollow; that she could not see the ridge as she stepped there in front of 1416; that it would have been impossible; that in addition to the depth of the snow that had fallen it had drifted ; that that is witness’ recollection; that as she came along the place the day of the accident, although she knew of the depression or ditch or hole, and that it had been there for a year, the only thing that she had in mind was to get through that snow, and she tried to walk ■'where she had seen others walk; that there was no path', and the footsteps of people who had passed showed her that the snow was'deep; that she knew where she was at the time of the accident of course, but had no thought in her mind as to exactly where she was; that she could not say that she did not know that the sidewalk there was uneven, and that she had always been careful in going down there, because she did know it; that she could not say that at the moment of the accident she had it in mind as she was walking along with as much care as she could; that it had kept cold all during that day and the air was full of snow; that the snow had been falling most all day, and it was a very cold, wintry day; that she stepped into the snow and her right foot slipped forward and her left foot doubled under, and she came down on it very hard and she felt jarred all over.”
It was urged on the part of the defendant that the plaintiff admitted that she had knowledge of the danger, and therefore should have gone from her office to the car by some other route; in other words, that the use of a route which she knew to be dangerous was contributory negligence.
In Muller vs. District of Columbia, 5 Mackey, 286, decided by this court in 1886, the court stated the law as *289 to proof of contributory negligence as follows: “The law throws on the defendant, in an action of this kind, the onus of proving contributory negligence, and that proof is not made out by merely showing the knowledge by complainant of the defect complained of in the highway. If the highway is wholly impassable and in such a condition that no reasonable man would attempt to pass it, the plaintiff does so at his own risk; but if it is not,'and especially if it is the only access to his dwelling, the only duty on his part is the exercise of proper care to avoid. accidents, and the burden is upon the defendant, not only to show knowledge of the defect on the part of the plaintiff, but to show, affirmatively, negligence, or the omission to take proper care.”
Mr. Justice Cox, in delivering the opinion of the court, referred with approval to the case of Prince George’s County vs. Burgess, 61 Md., 31. In that case the court, speaking of the danger in question, which was a hole, in the floor of a bridge, said: “The simple fact of its existence, with the knowledge of the plaintiff, was not sufficient to bar recovery. It should appear that the hole-rendered the bridge practically impassable to effect a bar because of knowledge. The hole might possibly have been avoided with ordinary care in driving, and the knowledge of its existence ought to have prevented carelessness On the part of the plaintiff, and naturally would have induced care on his part; but the onus of showing that such care and prudence were not exercised still rested on the defendants.”
It was not pretended that the sidewalk was impassable, so that the only question is whether the evidence shows contributory negligence in the plaintiff’s manner of passing. Her own testimony was relied on as to this point, and we think it does not show that she omitted oare or took upon herself the risk. We think that upon the evidence that question was for the jury, and that their decision was consistent with the weight of the evidence.
*290 We have to consider next the admission of certain evidence offered by the plaintiff and excepted' to by the defendant. The plaintiff, having testified that she continued to be employed by the Quartermaster-General as a clerk until the autumn of 1884, when she was discharged because of inability produced by her injury, was asked what salary she received as such clerk, and answered that she received $1,200 a year. The propriety of such evidence as this,'for the purpose of showing that a person who has a certain capacity to earn income has suffered accordingly, when that capacity has been impaired by the injury in question, was considered by Mr. Justice Hagner, speaking for the court, in Woodbury vs. The District, 5 Mackey, 128. We think the testimony excepted to tended to show the grade or capacity which the plaintiff possessed and was exercising before and at the time of the injury alleged, and was competent.
The following questions and answers were also admitted and excepted to: “ State whether or not you have been able since your discharge to perform the regular services that would be required of you as a copyist in any office or in any department of the Government.” To which the witness answered: “ I could not do daily work. I could not count on myself to go and attend to daily work that would require me daily to go out, because I am often so lame that it would be utterly impossible.” The witness was then asked : “ What has been the value of the work that you have been able to do since your discharge? ” To which the witness answered : “ It has not averaged me $10 a month since I was discharged.”
We think that this was competent evidence to show the extent to which the plaintiff’s capacity to do work was impaired by the injury complained of, and that, under the general exception taken, it was admissible if competent for any purpose.
At the conclusion of the testimony the defendant moved the court to instruct the jury that upon the whole evidence *291 the plaintiff was not entitled to recover, and that the verdict of the jury should be for. the defendant upon the grounds, first, that she was guilty of contributory negligence; second, that upon the evidence defendant is not liable in this action.
To the court’s request to grant this- instruction the plaintiff excepted.
Thereupon the court gave the following instructions at the instance of the plaintiff:
First. The defendant has the exclusive care and control of the sidewalks and streets within the District of Columbia, and it is the duty of the defendant to see that they are kept safe for the passage of persons and property to the extent stated in the sixth instruction granted at the instance of defendant, and if it neglects this duty and in consequence thereof any person is injured, it will be liable for the damage sustained.
Second. If the jury find from the evidence thatthe plaintiff, while walking along the sidewalk on Pennsylvania avenue, in front of lots 1414 and 1416, in the District of Columbia, without fault or negligence on her part, and while in the exercise of due care, slipped and fell and was injured thereby, and that the sidewalk in question where the plaintiff slipped and fell was out of repair, and was also covered with snow and ice, and that such defective condition, together with the fact of its being covered with snow-and ice, rendered it unsafe for the passage of persons over the same, and that by reason of its defective condition, together with its being covered with snow and ice, the plaintiff fell thereon and was thereby injured, then she is entitled to recover in this action.
Third. Before the plaintiff can recover, however, the jury must be satisfied from the evidence that such defect in the sidewalk had existed for a sufficient length of time to charge the defendant with notice of its existence — that is, for a sufficient length of time so that the defendant, in the exercise .of reasonable care in the supervision of its streets ought to have known of the defect and remedied it.
*292 Fourth. The question of negligence on the part of defendant; of defect in the sidewalk ; of whether the defect had existed for a sufficient length of time to make the defendant chargeable with notice; whether the plaintiff was without fault and in the exercise of due care, and whether the plaintiff was injured, and the extent of such injury and the damage sustained thereby, are each and all questions of fact for the jury.
.Fifth. If the jury find for the plaintiff it is their duty in determining the amount of damage the plaintiff has sustained to consider those things which would be the natural result of her injury, viz : Loss of time, service, and business; the direct expense she has incurred for medical attendance, treatment and medicines, and mental, bodily and physical suffering, and her probable future condition as affected by the injury.
To the granting of these prayers, the defendant excepted.
Thereupon the defendant' asked of the court thirteen instructions to the jury, of which the following, numbered as follows, were refused:
1. The jury is instructed that the defendant is not liable in this action.
2. The jury is instructed that upon the evidence the defendant is not liable in this action.
3. The jury is instructed that under the form of Government as existing at the time of the accident complained of by the plaintiff the defendant is not liable in this action.
4. The jury is instructed that under its form of Government as existing at the time of the accident complained of the defendant could not, nor could any one of its officers be guilty of such negligence as is charged in this action so as to make the defendant liable herein.
5. The jury is instructed that if it finds from the evidence that the accident complained of by the plaintiff *293 happened more three years next before the filing of the supplemental and amended declaration in this case— that is to say, more than three years next before the 2d day of July, 1887 — the plaintiff is not entitled to recover in this action.
7. The jury is instructed that if it finds from the evidence that the alleged defect in the sidewalk where the plaintiff fell consisted (apart from the presence of ice or snow) in an inequality or unevenness in the pavement, but not such an inequality or unevenness as to prevent the sidewalk being reasonably safe for the use of persons exercising ordinary care and prudence, the defendant is not liable in this action.
8. The jury is instructed that if it finds from the evidence that the portion of the sidewalk on which the plaintiff fell was, in the absence of ice or snow, reasonably safe for the use of person's exercising ordinary care and prudence, the presence thereon of ice or snow, or both, in the manner and under the circumstance related in the testimony, does not render the defendant liable in this action.
9. The jury is instructed that if it finds from the evidence that the plaintiff’s falling, as described by her, was occasioned by the slipperiness of the place at which she fell, due to the presence of ice or snow, or both, at such place, under the circumstances described in the testimony, and that but for the presence of such ice or snow, or both, the plaintiff would not have fallen, the defendant is not liable in this action.
11. The jury is instructed that if it finds from the evidence that the alleged defect in the sidewalk where the plaintiff fell was of such a character that the defendant was bound to take notice of it, so that it was guilty of negligence in not repairing- it, and the plaintiff had full and equal knowledge with the defendant of the said defect, she was *294 guilty of contributory negligence in venturing upon it, and cannot recover in this action.
13. The jury is instructed that, in considering the question of damages, it cannot, on the pleadings in this cause, take into account the fact of the plaintiff’s employment in the service of the United States or the amount of her salary in that employment, but must confine itself to considering the physical injury to the plaintiff and her sufferings, if any, on account thereof.
It is not material to state the instructions granted at the request of the appellant, the defendant. After they were granted the court gave to the jury the following in lieu of the sixth instruction asked by the plaintiff:
“If the jury find from the evidence that at the place of the accident described in the declaration there was a defect in the sidewalk resulting from the omission of the defendant to keep the same in repair, which was either dangerous in itself or obviously calculated to endanger the safety of people passing over it when covered with ice or snow, such as ordinarily accumulated and might be expected at the season when the accident happened, and when in the condition in which it was at the time of the accident, and was in fact unsafe at the time in question, and the accident complained of resulted from such unsafe condition; and they further find that the defect in the sidewalk had continued so long that the defendant knew, or ought to have known it, then the plaintiff is entitled to recover unless she was herself guilty of negligence is not using ordinary or reasonable care to guard against the accident, or as explained in instructions numbers ten and twelve, given at the instance of defendant; and unless such negligence on the part of the plaintiff appears from the evidence offered on her behalf, the burden of proving the same rests upon the defendant.”
We do not find it necessary tó discuss the instructions actually given and refused. It is enough to say that the *295 action of the Circuit Court, especially in giving the instruction last mentioned,' was in accord with the view we have stated in this opinion.
The jury fixed the plaintiff’s damages at $6,000,-and it is objected that this "was excessive, and that a new trial should be granted on that ground. It may be that another jury would have given less, but we cannot say that there is ground for holding that this verdict was excessive. It was given in the exercise of their judgment and we shall not disturb it.
Judgment affirmed.