MATTIE GEORGE, Respondent, v. CITY OF ST. JOSEPH, Appellant; ANTHONY A. EDEL-BROCK et al., Respondents.

Kansas City Court of Appeals, November 3, 1902.

1. **Municipal Corporations:** CHANGING GRADE: OBSTRUCTING SIDEWALK: LANDLORD AND TENANT: PARTIES. A landlord had a water pipe laid into his house with a water plug in the sidewalk; thereafter the city changed the grade of the sidewalk and exposed the plug and plaintiff tripped thereon and was injured. She made the city, the landlord and the waterworks company defendants. The evidence showed the city, only, liable. *Held,* while the tenant in possession was a proper party yet since the city, only, was liable on the verdict, the failure to make him a party would not reverse the judgment.

2. ———: ———: ———: PROPERTY-OWNER: PRACTICE. In a trial against a city and a property-owner for an injury resulting from alleged negligence in front of the property when the city is shown to be liable, the judgment against it should not be affected by errors made in favor of the property-owner; but a city may make a point against the property-owner on such error on appeal if properly raised at the trial, and an instruction complained of is held proper.

3. **Evidence:** PERSONAL INJURY: PHYSICIANS: WRITTEN ORDER. Where the court appointed physicians to examine plaintiff's alleged injuries, while it may be proper to show that they made the examination under written order of court, yet the refusal to allow such proof is not reversible error.

4. **Municipal Corporations: PERSONAL INJURY: NOTICE: STAT-UTORY CONSTRUCTION.** The object of the statute providing for written notice where a party has been injured on the streets, is to require notice of the time and place of the accident and its general nature and the attending circumstances in a general way so that opportunity would be afforded for examination and thereby prevent false or exaggerated claims; and where a party gave two notices, the latter referring to the same injuries as the first, and enumerating others, she will not be confined to the first in proving her injuries.

5. **Evidence: OBJECTION: ORDINANCES: PRACTICE.** A general objection that certain ordinances were incompetent and irrelevant is of no avail if they are competent for any purpose.

6. **Municipal Corporations: CHANGING GRADE: OBSTRUCTING SIDEWALK: PROPERTY-OWNER: INSTRUCTION.** An instruction broadly stating that no verdict could be rendered against the municipality unless one was rendered against the property-owner, is held properly refused.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Kendall B. Randolph* for appellant.

(1) The court erred in permitting special ordinance number 303 and special ordinance number 304 providing for the grading and paving of Eleventh street to be introduced in evidence by the defendant Edelbrock. It was not a proper defense on the part of defendant Edelbrock that the city had graded and paved the street after the water plug or stop box had been placed. Carvin v. St. Louis, 151 Mo. 334; Franke v. St. Louis, 110 Mo. 526; Benjamin v. Railroad, 133 Mo. 274. (2) The court erred in refusing to permit the written order, directing Doctors Wallace and Bell to examine the plaintiff, to be introduced in evidence. The defendant city had the right to have the jury know that these doctors were not employed by the city to examine this plaintiff, but were entirely disinterested and had been selected and appointed by the court. (3) The court erred in overruling the special demurrer

offered by the defendant city after all the evidence was in. The plaintiff having failed to make the tenant of the property a party defendant was not entitled to even try this case, and was not entitled to have it submitted to the jury, and should have been nonsuited. R. S. 1899, sec. 5723; Mancuso v. Kansas City, 74 Mo. App. 138; Masonic Assn. v. Cohn, (Ill.) 7 Munic. Corp. Cases 808, also reported 61 N. E. 439; Rider v. Clark (Cal.), 64 Pac. 564; Donoho v. Iron Works, 75 Mo. 401; Merrill v. St. Louis, 83 Mo. 254; Schweickhardt v. St. Louis, 2 Mo. App. 571. The case of Badgley v. St. Louis, 149 Mo. 122, does not apply because section 5723, supra, is an act of the Legislature and not a part of a freeholder's charter. (4) In the absence of evidence to the contrary the obligation to repair is presumed to be on the tenant. Ward v. Fagin, 101 Mo. 669. (5) The court erred in admitting in evidence the notices to the mayor of the city, as the same do not comply with the statute, and the first notice having been given, the plaintiff was bound by it and could not give a second notice alleging additional injury, and especially on the very last day on which notice could be given. R. S. 1899, sec. 5724. (6) The court erred in giving plaintiff's third instruction, in which it omitted to instruct the jury on behalf of the plaintiff as to the liability of the defendant Edelbrock. Cross v. Lackland, 67 Mo. 621; Carder v. Primm, 60 Mo. App. 423; Hohstadt v. Daggs, 50 Mo. App. 240; Linn v. Bridge Co., 78 Mo. App. 118; Link v. Westerman, 80 Mo. App. 592; Stocker v. Green, 94 Mo. 280; Chipley v. Leathe, 60 Mo. App. 15; Jackson v. Bowles, 67 Mo. 609. (7) The court erred in refusing to give on the part of the defendant city its refused instruction marked "K." This instruction was asked after the jury had been out about an hour, and its necessity being apparent when the jury returned into court and asked the court if they could render a verdict against the city without rendering one against the defendant Edelbrock, or vice versa, the court should, instead of allowing the jury to return to their room uninstructed, have given them a written

instruction as asked by the defendant city.  R. S. 1899, sec. 5723; Buck v. Railroad, 108 Mo. 190; State v. Miller, 100 Mo. 623; Wilkinson v. Dock Co., 102 Mo. 141; Dowzelot v. Rawlings, 58 Mo. 75; Wiggin v. St. Louis, 135 Mo. 558; Jegglin v. Roeder, 79 Mo. App. 428.

*W. B. Brown* and *Grant S. Watkins* for respondent.

(1)  Appellant's first point, that the defendant Edelbrock had no right to introduce ordinances Nos. 303 and 304, is clearly erroneous.  Burns v. City of St. Joseph, Oct. Term, Kansas City Court of Appeals, No. 5954.  (2)  The court properly refused to allow the defendant to introduce the written order in evidence, directing Drs. Wallace and Bell to examine the plaintiff, for the reason that it was not testimony, and for the further reason that the doctors were appointed for and on behalf of the city and became the city's witnesses.  (3) Defendant filed its answer and pleaded to the merits of the case, and it was too late to raise a question of this kind, as our courts have held that this question must be raised before the defendant pleads to the merits, or he waives it, and for the further reason that the evidence shows that the property-owner, and not the tenant, was the one who did the repairing in this instance.  Sec. 598, R. S. 1899; sec. 602, R. S. 1899; Franke v. St. Louis, 110 Mo. 521; Mancuso v. Kansas City, 74 Mo. App. 149; Wiggin v. St. Louis, 135 Mo. 558; Crenshaw v. Ullman, 113 Mo. 638.  (4) Finding that other injuries became apparent after refused notice was given, it was her duty to give a second notice, and as plaintiff had sixty days in which to give that notice, she was entitled to wait until the last day, so that she might better determine, by advice of physicians, the extent, cause and nature of said injury. (5)  The appellant at the time of the trial of this case, raised no objection that the court had not instructed on the question as to the rule of liability, as to the co-defendant Edelbrock.  Neither did he call the court's

attention to this fact in his motion for a new trial. Consequently that question is not before this court, as the appellant can not raise for the first time in this court a new issue. Drey v. Doyle, 99 Mo. 1. c. 65; Wright v. Gillispie, 43 Mo. App. 253; Molan v. Johns, 124 Mo. 166; Mitchell v. Bradstreet, 116 Mo. 243; Constructive Co. v. Railroad, 71 Mo. App. 629; Hortskotte v. Menier, 50 Mo. 158; Mills v. Carthage, 31 Mo. App. 141. (6) And further, it could make no difference as far as plaintiff in this case is concerned, since the instructions given for plaintiff fairly presented the law as to the liability of the defendant city. As the error complained of is only as to the liability as between the co-defendants. Wiggin v. St. Louis, 135 Mo. 570; Waltemeyer v. Kansas City, 11 Mo. App. 36.

ELLISON, J.—This is an action for personal injuries received by plaintiff as the result of tripping over a "water plug" placed in a sidewalk in one of the streets of the city of St. Joseph. The verdict was for plaintiff against the city and for defendant Edelbrock. The latter was the owner of the property served by the waterpipe and it was occupied by one Shorrow as a tenant of Edelbrock. The water company placing the pipe in the street was made a party defendant, and a demurrer to the evidence was sustained as to it. Edelbrock had the connection with the house made and paid for it. The tenant Shorrow was not made a party. After the water plug was put in the street, the city graded the street so as to expose the plug.

(1) It is provided by section 5723, Revised Statutes 1899, that when a city of the second class, to which the defendant city belongs, shall be liable to damages by reason of the wrongful act or neglect of any person or corporation, they shall also be liable to the injured party and he shall join them as defendants in the action.

Conceding that this section of the charter of cities of the second class is not controlled by and is not within the reason of the decision in Badgley v. St. Louis, 149 Mo. 122, which declared a like provision in the charter

of St. Louis invalid, there is yet no good cause for defendant's contention that the judgment should be reversed on account of the fact that the tenant, Shorrow, was not made a party defendant. There can be no necessity of making the owner or tenant a party, if the case shows that they are in no event liable. The object of the charter provision is to prevent circuity of the action and multiplicity of suits in those cases where the city can be held liable for the wrongful acts of others who are primarily liable, and who would in turn be liable over to the city. Wiggin v. St. Louis, 135 Mo. 568.

In this case there is no doubt that it was the city's act in changing the grade of the sidewalk which exposed the water plug so that it became dangerous to pedestrians. And that phase of the case was submitted in instructions for Edelbrock and the verdict was for him. While the tenant could have been made a party defendant on the theory that he was liable over to the city, yet since a trial of the cause has developed that the city is the wrongdoer and the owner and tenant in no way liable, it would be useless, as well as unjust, to reverse the judgment and remand the cause for another trial in which no different result could be reached.

(2) The defendant city complains of certain alleged errors made in favor of defendant Edelbrock. If there were errors in his favor and yet the case is such as that the city is legally liable to the injured party, the judgment against the city should not be affected by that error. Wiggin v. St. Louis, 135 Mo. 569-571.

But as the defendant city has an interest in the primary liability of Edelbrock as between the two, it would have the right to make the point on this appeal, if properly raised in the trial court. Ib. The only complaint here is made in the city's sixth point wherein it is claimed that plaintiff's third instruction wherein the general duty and liability of the city is set out, without referring to the liability of the defendant Edelbrock. We do not regard that as error. The instruction is without fault on all issues between plaintiff and the defendant city. The converse of all that was there

said was put to the jury in the city's instructions, and the city nowhere attempted to have Edelbrock's liability stated. If we grant that in any case the city is liable to the action, then the additional liability of a co-defendant is matter more for the concern of the city than of the plaintiff, and such city has no right to complain of a failure on plaintiff's part to set forth by instructions the liability of the co-defendant.

(3) The court appointed two physicians to examine plaintiff as to her injuries. They did so and were called as witnesses by the defendant city, when it was endeavored to show by the court's written order that they had been appointed by the court to make the examination. We do not regard this of sufficient importance to reverse the judgment. It would not have been error to have allowed the proof, and why plaintiff would jeopardize her case by objecting to such harmless proceeding we do not know. At any rate, we think ill could not result and we rule the point against defendant.

(4) It is provided in the statute (sec. 5724, R. S. 1899) governing defendant city: "No action shall be maintained against any city of the second class on account of any injuries growing out of any defect in the condition of any bridge, street, sidewalk or thoroughfare in said city, unless notice shall first have been given in writing, verified by affidavit, to the mayor of said city, within sixty days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city."

It seems that plaintiff gave two notices to the city, one just after the accident and one just before the expiration of the sixty days limited by the statute. The latter referred to the same injuries mentioned in the first notice and then enumerated others as resulting from her fall. The defendant city objected to the notices, claiming that they did not comply with the statute; and that plaintiff was bound by the first one given. There is no merit in either objection. The object of

the statute was to require a notice of the time and place of the accident and its general nature and the attending circumstances in a general way, so that the city could have opportunity for examination and inquiry and thereby avoid imposition by false or exaggerated claims.

It was not intended to confine the injured party at the trial, to just the kind and nature of injuries which may in good faith be mentioned in the notice. There may be latent injuries unknown to the party and many additional injuries or consequences may develop out of those which are known after the time limited has expired. It was not intended to confine an injured party, who has acted in good faith, to the specific injuries mentioned. In this view it is apparent that there could be no good reason for objecting to the second notice, for though it may have been unnecessary, defendant should have welcomed it rather than make complaint.

The court admitted in evidence two ordinances providing for paving and grading the street in which the water pipe was laid. The defendant city complains here that this had no tendency to exculpate Edelbrock. But at the trial the only objection made was the very general one that they were "incompetent and irrelevant." Such objection is of no avail if the evidence offered is admissible for any purpose, and they might well have been received against the city. But aside from this, it is clear from the nature of defendant's objection that it was only founded on a remark of the court as to that part of the ordinance for the paving and not the grading. The objection was "to that part." However it may be, we do not find reversible error.

Instruction "K" was properly refused. It stated broadly, as a matter of law, that no verdict could be rendered against the city unless one was rendered against Edelbrock. The facts developed in evidence did not justify such instruction.

There were other objections made but an examination of them has satisfied us that they do not authorize our interference, and we affirm the judgment. All concur.