ELIZABETH STRANGE, Respondent, v. THE CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, May 8, 1905.

1. **MUNICIPAL CORPORATIONS: Defective Sidewalk: Obstruction: Mud: Jury.** Evidence held sufficient to send to the jury the question of whether it was negligent to permit a sidewalk to be obstructed by falling earth that became muddy and dangerous when wet.

2. ———: ———: Notice: Instructions. Instructions relating to notice of the defective condition of a sidewalk are held properly to submit that question to the jury.

3. ———: ———: ———: Jurat. A notice by an injured party to the city is held sufficiently to describe the place and it is also held that the criticisms of the *jurat* were more technical than substantial.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*James M. Wilson,* City Counselor, and *G. L. Zwick,* Assistant City Counselor, for appellant.

(1) The plaintiff, according to her own testimony, slipped and fell solely by reason of the slippery condition of the sidewalk. The defendant city is not liable for the mere slippery condition of its sidewalks, caused by ice, snow or mud. Mueller v. Milwaukee, 5 Mun. Corp. Cases 662; 86 N. W. 162. (2) The court erred in allowing plaintiff to introduce the alleged notice in evidence over defendant's objections. It did not comply with the statute. R. S. 1899, sec. 5724; Stoors v. Denver, 11 Mun. Corp. Cases 560; 73 Pac. 1094; Barhydt & Co. v. Alexander & Co., 59 Mo. App. 188; 1 Ency. Pl. & Pr. 311; Cosner v. Smith, 36 West Va. 788; 2 Ency. Law. & Pr. 24; Rehoe v. Romas, 69 Ill. 351. (3) It was a question for the jury whether the dangerous condition of the sidewalk had existed for a sufficient length of time prior to the injury to have imparted notice of said condition to the officers of defendant city; and it was error to instruct, as was done in plaintiff's instruction numbered one that the existence of dirt upon the sidewalk for "about two or three months" was sufficient for that purpose. Young v. Webb City, 150 Mo. 333; 2 Beach, Modern Law Munic. Corp., sec. 1303.

*James W. Boyd, Burroughs N. Mosman* and *W. H. Sherman* for respondent.

(1) If the appellant permitted the sidewalk at the place where the respondent was injured to become and remain covered with earth for months or years, and the water from rain and melting snow and ice reduced said earth to mud, and that the said sidewalk was thereby rendered slippery, unsafe and dangerous to persons traveling along it with reasonable care, and that in consequence of its said condition, respondent fell and was injured, then the appellant is liable. Milledge v. Kansas City, 100 Mo. App. 490; Reno v. St. Joseph, 169 Mo. 642; Hutson v. City, 101 Iowa 33. (2) The notice which the respondent gave the appellant on March 29, 1904, within sixty days after she was injured, was signed and sworn to by her and is entirely sufficient and meets all the requirements of the statute. Reno v. St. Joseph, 169 Mo. 656; Lincoln v. Pirner, 81 N. W. 846; Brown v. Owosso, 9 Am. Neg. Rep. 505; Place v. Yonkers, 6 Am. Neg. Rep. 641; George v. Edelbrock, 97 Mo. App. 56. (3) The trial court committed no error in assuming that if the appellant, for and during two or three months, carelessly and negligently permitted the said sidewalk to be in the condition stated, that knowledge of said condition of said sidewalk existed on the part of the city. Maus v. Springfield, 101 Mo. 613; Carrington v. St. Louis, 89 Mo. 213; Bonine v. Richmond, 75 Mo. 437; Straub v. St. Louis, 175 Mo. 413; Milledge v. Kansas City, 100 Mo. App. 490. (4) It is the duty of appellate courts under the statute to affirm the judgment of the lower court unless it shall believe that error has been committed that materially affect the merits of the case. R. S. 1899, sec. 865; Franke v. St. Louis, 110 Mo. 522, 523.

ELLISON, J.—The plaintiff fell on one of the defendant's board sidewalks and was injured. She brought

this action and recovered judgment in the trial court. It appears that the walk was laid on a street which had been graded by cutting down, which left elevations of earth near and just outside the walk. Rains and melting snow and ice washed dirt down upon the walk and it had been left to accumulate by the city. In dry weather the earth was no more than a mere obstruction; but in wet weather, whether from rains or melting snow, it would become mud, shoetop deep, and on account of the nature of the dirt was, at such times, very slippery. The plaintiff fell while attempting to pass over the walk in the month of January when melting snow and ice had converted the obstruction into a slippery mass of mud. A defective or worn board at the place where plaintiff fell caused a greater accumulation of mud. The ends of the boards were laid against the embankment, or so close thereto that there was no way for descending mud to pass from the embankment except over the walk. It was also shown that occasionally, when wet, large masses of earth would fall upon the walk.

We held in Milledge v. Kansas City, 100 Mo. App. 490, in a case not so strong against the municipality as this, that it was a question for the jury whether in such circumstances it was negligence to permit earth to accumulate on the walk so as to become dangerous to pedestrians when it had been turned to mud by rains or melting snow or ice. The case is not one of a mere slippery walk made so by being wet, which cannot be provided against—it is a street allowed to become obstructed with earth so that when wet it became a dangerous place.

Under the evidence in the cause there was no error in plaintiff's instruction numbered one concerning the city's notice of the condition of the walk. We do not regard the instruction as assuming that the city had notice. In view of the evidence on that subject, and reading the instruction in connection with number two, where the jury are told that defendant's liability de-

pended upon whether it had knowledge of the defect long enough before the accident to have removed it. The instructions as a whole presented the case fairly for each party and they afford no just cause of complaint.

Objection is taken to the notice given by plaintiff to the city, on the ground that it did not describe the place of injury and of a defective jurat attached thereto by the officer before whom plaintiff made oath. We regard the notice as in all respects sufficient for the purpose which the statute intended to accomplish. [Reno v. St. Joseph, 169 Mo. 642; George v. Edelbrock, 97 Mo. App. 63.] The specific objections made seem to be without merit. The place is described as, "a certain sidewalk situated on King Hill avenue on the east side thereof, at a point about the center of Masschusetts avenue, if said Masschusetts avenue continued on over and across said King Hill avenue, the place being in front of the residence of Dick Johnson." The objection to the jurat is much more technical than substantial.

The whole record discloses that we are without authority to interfere, and we accordingly affirm the judgment. All concur.