SARAH L. BURNETTE, Respondent, v. THE CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, May 22, 1905.

MUNICIPAL CORPORATIONS: Notice of Personal Injury: Service: Verification: Sufficiency.  A notice relating to a claim for personal injury by reason of a defective sidewalk set out in the opinion is held to have been properly served on the mayor of the city, and to be sufficient in form and substance and properly verified.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

AFFIRMED.

*James M. Wilson*, City Counselor, and *G. L. Zwick*, Assistant City Counselor, for appellant.

The petition alleged that a notice had been served upon the "defendant, city of St. Joseph" and not upon the mayor, and did not allege that the notice stated the character or circumstances of the injury, nor that said notice was verified.   Without such a notice, no suit could be maintained, therefore it was necessary both to plead and prove that such a notice had been served upon the mayor of defendant city.   R. S. 1899, sec. 5724; Goddard v. Lincoln, 11 Munic. Corp. Cases 64, 96 N. W. 273; Pier v. Heinrichenhoffen, 52 Mo. 233; 14 Encyc. Pl. & Pr. 1069.

*Bart M. Lockwood* for respondent.

(1) The copy of the notice served upon the mayor was properly admitted. Though the omissions of the notary render the affidavit slightly informal, it would not be just to plaintiff herself to make her suffer thereby. For, in the language of Judge Wagner, "to permit such a thing would be to allow the merest technicality to triumph over justice." Laswell v. Church, 46 Mo. 279; Smith v. Benton, 15 Mo. 371; Grace v. Nesbit, 109 Mo. 16; Crum v. Elliston, 33 Mo. App. 594; Bergesh v. Keivil, 19 Mo. 127; Burnett v. McCluey, 92 Mo. 230; Norton v. Flake, 36 Mo. App. 698; Hazeltine v. Ausherman, 29 Mo. App. 451;Viertel v. Viertel, 99 Mo. App. 710; Musgrave v. Mott, 90 Mo. 107; Henderson v. Drace, 30 Mo. 362; Silver v. Railroad, 21 Mo. App. 51; Chevallier v. Williams, 2 Texas 239; Loeb v. Smith, 78 Georgia 504; Noble v. U. S. Dev. Ct. of Cl., 83; State v. Railway, 17 Nev. 259; Jamison v. Beecher, 4 Ab. Pr. (N. Y.) 230; Fairbanks v. Lorig, 4 Ind. App. 451; Merrielles v. Bank, 5 Texas App. 483; authorities supra. (2) An affidavit made in good faith and reasonably sufficient should be held good. 1 Ency. Plead. & Prac., p. 320; Haight v. Arnold, 48 Mich. 512.

JOHNSON, J.—Action for damages for personal injuries resulting from a fall alleged to have been caused by a defective sidewalk. Plaintiff recovered judgment.

Defendant objects to the sufficiency of the notice given by plaintiff pursuant to section 5724, Revised Statutes 1899. The record shows the notice was served upon the mayor in the time prescribed but defendant says it should not have been received in evidence over its objection because of the failure of plaintiff to allege in the petition that it was served upon that officer, the allegation being that the service was upon the defendant city. There is no merit in this contention. The object of the requirement that the mayor be served is to reach

the defendant city, and an averment of service upon the city will support the admission of evidence showing service upon the proper officer. The notice was as follows: "To Honorable C. J. Borden,

"Mayor of the City of St. Joseph.

"In compliance with the statues of the State of Missouri and the ordinances of the city of St. Joseph you are herewith notified that on the 21st day of September, 1903, Mrs. S. L. Burnette was injured by a defective sidewalk or curbing piece on Twentieth street between Francis and Jule streets while about to walk across the driveway entering the premises, east one-half lots 7 and 8, block 10, Harris addition to the city of St. Joseph, the said driveway being a part of the sidewalk constructed along Twentieth street for the general use of pedestrians.

"That as said Mrs. S. L. Burnette was walking along said walk about 2 p. m. of the aforesaid day, and while she was exercising due care and precaution she was tripped or thrown down upon the brick walk and stone curbing by a defective piece of timber in said walk and her left limb severely and permanently injured at the knee and hip; at the same time her side and abdomen were severely and painfully bruised and wounded, causing severe, painful and permanent injuries to her stomach and digestive organs.

"You are notified that the city of St. Joseph will be held liable for the aforesaid injuries on account of the negligent condition of the aforesaid walk and that a suit to recover the damages will be instituted in the Buchanan County Circuit Court.

"You are further notified that B. M. Lockwood is my authorized attorney employed to prosecute the same, with power to collect, settle and receipt for said claims.

SIGNED,                    MRS. S. L. BURNETTE.

"Subscribed and sworn to before me this 9th day of November, 1903.

"BART M. LOCKWOOD, Notary Public.

"My commission expires Jan. 20, 1903."

The objection that the notice is not properly verified by plaintiff is too technical to deserve serious consideration. Nor is it deficient in other respects claimed. It sufficiently states the time, place, circumstances and character of the injury within the purpose of the statute. [Reno v. City, 169 Mo. 642; George v. Edelbrock, 97 Mo. App. 63; Strange v. City, 112 Mo. App. 629; Lyons v. City, 112 Mo. App. 681.]

The record discloses no error against the defendant and the judgment accordingly is affirmed. All concur.