JULIA JACOBS, Respondent, v. THE CITY OF ST. JOSEPH, Appellant.

**Kansas City Court of Appeals, January 6, 1908.**

1. **SECOND CLASS CITIES: Personal Injury: Defective Side-Walk: Sufficiency of Notice.** A notice of a personal injury on a defective side-walk to a city of the second class under section 5724, Revised Statutes 1899, should state the character of the injury received; otherwise it will be insufficient.

2. ———: ———: ———: ———: **Petition in Suit.** Whether the petition in a suit brought within the required sixty days would cure the defects in the notice theretofore served, *quaere.* In order to accomplish that office, it should state that which is required to be stated in the notice and be verified.

Appeal from Buchanan Circuit Court.—*Hon. Archelaus M. Woodson*, Judge.

REVERSED.

*James M. Wilson,* City Counselor and *G. L. Zwick,* Assistant City Counselor, for appellant.

(1) The so-called notice did not state the character of the injury. So far as any information in the notice goes, the injury might have been a sprained ankle, the loss of eyesight, damage to wearing apparel, loss of time occasioned by delay, or mental anguish alone. For this reason it was insufficient. Stoors v. Denver, 11 Mun. Corp. Cases, 560, 73 Pac. 1094. (2) The so-called notice was addressed to no one, neither was it served upon the mayor of defendant city, nor any other person. For this reason it should have been rejected. R. S. 1899, sec. 5724; Reno v. St. Joseph, 169 Mo. 654. (3) The service of the statutory notice upon the mayor of defendant city was a condition precedent to the institution of the suit, and the failure to give such notice was a bar to the suit. For this reason defendant's demurrer to plaintiff's evidence should have been sustained. Goddard v. Lincoln, 11 Mun. Corp. Cases, 66, 96 N. W. 273; Stoors v. Denver, 11 Mun. Corp. Cases, 560, 73 Pac. 1094; Reno v. St. Joseph, 169 Mo. 654; Wentworth v. Summitt, 60 Wis. 281; Dorsey v. Racine, 60 Wis. 292.

*Charles C. Crow* and *James W. Mytton* for respondent.

(1) The object of the notice is to warn the city of the injury and that damages will be claimed and if suit is instituted prior to the expiration of time for serving notice, no notice is necessary. (2) The statute, section 5724, referred to in appellants' brief, is unconstitutional and void, and for that reason no notice to the city was necessary. State ex inf. v. Washburn, 167 Mo. 680. (3) This statute is not enacted for the purpose of governing the city and therefore has no part in the charter. Barber v. Ridge, 169 Mo. 376; Henderson v. Koenig, 168 Mo. 372 et seq.

ELLISON, J.—This is an action for personal injuries alleged to have been received by plaintiff on account of a fall on one of defendant's sidewalks. Defendant is a city of the second class. The judgment was for plaintiff.

Persons having claims against cities of the second class arising on account of injuries received on defective sidewalks, etc., are required as a condition precedent to maintaining an action therefor, to notify the mayor in writing within sixty days of the occurrence, "stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor." [R. S. 1899, sec. 5724.] The notice given in this case was sworn to and is as follows: "Julia Jacobs, of lawful age, being first sworn, states that on the 3rd day of October, 1903, in the city of St. Joseph, Missouri, on twentieth street, between Sacramento street and Mitchell avenue, and while walking along the sidewalk in front of the residence and property of Charles Lang, at said time and place, she fell and was injured on account of a loose and broken board in said sidewalk, on account of which she sustained great injuries. Affiant further states that she will claim damages from the city of St. Joseph, Missouri, on account of same."

The notice was insufficient in that it failed to state in any way, the character of plaintiff's injuries. On the necessity and general requisites of such notices we refer to Reno v. St. Joseph, 169 Mo. 642; George v. Edelbrock, 97 Mo. App. 56; Burnette v. St. Joseph, 112 Mo. App. 668; and Strange v. St. Joseph, 112 Mo. App. 629.

The statute requires the notice to be served within sixty days of the occurrence. Since an action might be brought at any time within the period of limitations, the object of the statute is to give the city opportunity

to investigate the case while conditions are fresh and thus protect itself against actions which may be brought long after the occurrence. [Harris v. Newbury, 128 Mass. 321.] In this case the action was begun within the sixty days and the petition stated the time and place, together with the character and circumstances of the injury. Plaintiff makes the point that thereby the city had all the notice required or contemplated by the law. It is frequently said in the case on the subject that a notice is a condition precedent to bringing the suit. But our statute does not say that a notice must be given before bringing the suit. It reads that "No action shall be maintained against a city . . . unless notice shall first have been given," etc. To bring an action and to maintain an action are not necessarily the same thing. One may bring an action and yet from reasons disconnected from his right to bring it, he may fail to maintain it.

But we need not and do not make decision of this point, since our statute requires the notice to be sworn to, and the petition is not verified. So if it should be proper to hold that a petition could operate as a notice, it should of course fill all the requirements of a notice. The case must therefore fail and the judgment be reversed. All concur.