# CLEVELAND TRINIDAD PAVING CO. v. MITCHELL
## et al.

No. 3638.    Opinion Filed April 17, 1914.

(140 Pac. 416.)

1. **MUNICIPAL CORPORATIONS—Defective Streets—Personal Injuries—Liability.** It is the duty of a municipal corporation to use ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for public use in the ordinary modes of travel, and a failure to do so renders the municipality liable to one injured by reason of such negligence, providing the party injured exercised ordinary care to avoid the injury.

2. **NEGLIGENCE—"Ordinary Care"—Question for Jury.** "Ordinary care," as applied to personal injury cases, means that degree of care and caution which might reasonably be expected from an ordinarily prudent person under the circumstances, and is a question of fact for the jury to determine.

3. **MUNICIPAL CORPORATIONS—Defective Streets—Notice—Question for Jury.** The notice of a defective street or sidewalk to a city may be actual or constructive. The question of notice is one of fact for the jury to determine.

4. **SAME—Personal Injuries—Liability of Construction Company.** It is the duty of a construction company making street improvements under contract, when in the course of such improvement it creates a defect in the sidewalk so as to render the same unsafe for ordinary travel and use, to immediately repair such defect and to place such sidewalk in a reasonably safe condition for ordinary use and travel, and a failure to discharge this duty constitutes actionable negligence, on account of which any one injured thereby may maintain an action against it for damages.

(Syllabus by Galbraith, C.)

*Error from District Court, Canadian County;*
*J. J. Carney, Judge.*

Action by Celeste Mitchell against the Cleveland Trinidad Paving Company and the city of El Reno. Judgment for plaintiff, and the Cleveland Trinidad Paving Company brings error, and the city files cross-errors. Affirmed.

*M. D. Libby,* for plaintiff in error.

*John W. Clark* and *C. E. King,* for defendant in error.

*Lucius Babcock,* for city of El Reno.

Opinion by GALBRAITH, C.   Celeste Mitchell commenced this action against the city of El Reno and the Cleveland Trinidad Paving Company to recover damages for personal injuries which she claimed to have sustained on account of the negligence of the defendants.   It is alleged that the Cleveland Trinidad Paving Company, under a contract with the city of El Reno, was making certain street improvements where Russell street intersects and crosses Macomb avenue in said city; that the street had been excavated, leaving a step-off in the sidewalk at a point almost perpendicular with the level of the ground to a depth of about four feet, and that in an attempt to make the street passable for persons using the same, the paving company had thrown in loose earth against the step-off, in an attempt to place the street in a reasonably safe condition; that on the 26th day of July, 1910, in the early evening on that day, the plaintiff, passing along said street and attempting to pass over the step-off, stepped upon this loose earth, which crumbled away and caused her to fall, from which she received injuries resulting in her being confined to her room for two or three weeks, cutting her head and injuring her arm and body, and causing her great mental worry and suffering, and causing her to expend a large sum for medical expenses, etc.   Negligence is charged against the city in permitting this temporary and unsafe approach to remain in the walk, and the paving company is alleged to have been negligent in putting this unsafe crossing at that place, and damages alleged in the sum of $2,500.   Each of the defendants pleaded a general denial and contributory negligence on the part of the plaintiff.   The cause was tried to the court and a jury, and a verdict returned for the plaintiff against both of the defendants in the sum of $600.   To review that judgment appeals have been perfected to this court.

It is insisted that the petition did not state facts sufficient to constitute a cause of action; that the court erred in overruling a demurrer thereto, and further erred in denying the motion for an instructed verdict, and in overruling a demurrer to the evidence at the close of the plaintiff's case, and in giving certain instructions as to the law.

We quote from the very exhaustive brief of the plaintiff in error as to the duty which the city of El Reno and the paving company owed to the plaintiff in this case, as follows:

"The city having provided by contract for grading down the roadway of Russell street to an additional depth, to wit, that provided by plans and specifications adopted for the improvement by the city, necessarily knew that an excavation of some four feet in depth at the crossing of Russell street along the line of the sidewalk on the west side of Macomb avenue would be the result. The city had the lawful right to make the excavation, and to provide a temporary means of getting down from the sidewalk to the roadway. It was its duty, however, to exercise care and prudence to provide a temporary approach of such character or plan as would be reasonably safe for such purpose."

And as to the duty of the paving company say:

"It was the duty of the company as contractor, agent, servant, or employee of the city to construct the approach in accordance with the plans or method prescribed by the city, if any was prescribed, or, if no method or plan was prescribed by the city, but the company was required by the city to maintain temporary crossings of streets undergoing improvement, or acted upon its own initiative to then guard against the danger incident to said excavation, it was the duty of the company to so construct the approach as that it should be reasonably safe for public travel, and thereafter, before completion of the improvement of the street at such crossing, to exercise due care that the approach remain reasonably safe for public travel. The city and company owed these respective duties to the plaintiff; no more no less."

This, we take it, is a fair statement of the duties that were due the plaintiff respectively from the city of El Reno and the paving company, and the breach of such duty by one or both of these parties will constitute actionable negligence.

The elements necessary to constitute actionable negligence, as defined by the court in *Faurot v. Oklahoma Wholesale Gro. Co.*, 21 Okla. 104, 95 Pac. 463, 17 L. R. A. (N. S.) 136, are as follows:

"In every case involving actionable negligence there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; and (3) an injury to the plaintiff

from such failure of the defendant. When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient."

While the petition is unnecessarily verbose, and does not "in simple and unambiguous language" charge the duty imposed upon the defendants by law and its breach by each of them, and the resulting injury to the plaintiff, as should have been done, yet a demurrer did not reach the defects of the petition, since it alleges in a general way the duty imposed upon each of the defendants and a breach thereof and the resulting injury, and as against a general demurrer the petition was good. The demurrer to the plaintiff's evidence was likewise properly overruled, and the motion for a directed verdict was rightfully denied. These exceptions are not well taken.

The three elements necessary to maintain an action for negligence were charged in the petition: First, the duty of the city to keep and maintain its sidewalks in a reasonably safe condition for those having occasion to use them. *Fairfax v. Giraud,* 35 Okla. 659, 131 Pac. 159; *City of Purcell v. Stubblefield,* 41 Okla. 562, 139 Pac. 290; second, the unsafe condition of the street where the accident occurred; and, third, the injury resulting to the plaintiff, and as to the paving company it charged it was creating the dangerous condition in the sidewalk, and its attempt to remedy the defect by throwing in this loose dirt, and its failure to make the sidewalk reasonably safe, and the resulting injury to the plaintiff.

The evidence shows that the loose dirt was thrown against the embankment left in the sidewalk in lowering the grade of the street about July 8th, and the injury occurred on July 26, 1910. The jury may have found from this that the city had actual notice of the condition of this crossing from the length of time it had existed prior to the accident. *Town of Norman v. Teel,* 12 Okla. 69, 69 Pac. 791. The fact that the accident happened as plaintiff testified was evidence from which the jury may have found that this street crossing was in an unsafe and dangerous condition, and if it was, there was a plain breach of

duty on the part of each of the defendants. See *Derr Construction Co. et al. v. Gelruth,* 29 Okla. 538, 120 Pac. 253.

At any rate, whether or not there was a breach of duty on the part of the defendants, and whether or not the plaintiff's negligence contributed to her injury, were questions of fact that were submitted to the jury for determination, and the verdict of the jury, being supported by sufficient evidence, is conclusive on those points.

Complaint is made of certain instructions of the court to the jury. While these instructions may not be model statements of the law of negligence, still they reasonably state the rules arising upon the issues made by the pleadings in this case, and we can find in them no error prejudicial to the substantial rights of the appellants.

The principal issues arising in the case were issues of fact, and these were for the jury to determine, and since the finding of the jury on these issues is supported by the evidence, we are precluded thereby.

We conclude that the assignments should be overruled, and that the judgment appealed from should be affirmed.

By the Court: It is so ordered.