CITY OF McALESTER, Oklahoma, a
Municipal Corporation, Plaintiff in
Error,

v.

Minnie E. NELSON, Defendant in Error.

No. 38530.

Supreme Court of Oklahoma.

Dec. 20, 1960.

Arnote, Bratton & Allford, McAlester, for plaintiff in error.

Robert J. Bell, Charles B. Tucker, McAlester, for defendant in error.

PER CURIAM.

This action was brought by the plaintiff against the City of McAlester, Oklahoma, a municipal corporation, for recovery of damages for personal injuries alleged to have been caused by a fall she received at a point where a sidewalk intersects a public street in McAlester, Oklahoma, and on certain concrete and stone steps leading from the sidewalk to the street.

Plaintiff further alleges that as a result of said fall she received permanent injuries consisting of a broken right hip, severe strain of the muscles and ligaments of the back, left shoulder and neck and extreme nervous shock; that as a result of said injuries she had two major surgical operations, and that she was confined to the hospital at

McAlester for thirty days and thirteen days respectively, and at the hospital in Ada for ten days, and that she is permanently disabled. Plaintiff further alleges that she had total medical expenses in the amount of $2,468.70 and asks $17,533.80 for loss of earning capacity and $25,000 for pain and suffering, for all of which she prays judgment in the amount of $45,002.50.

The answer of the defendant was, in effect, a general denial and a plea of contributory negligence.

The cause was tried to a jury and resulted in a verdict for the plaintiff for $1,518.-55.

■■■■ On appeal the defendant contends that there was no evidence introduced at the trial showing negligence on the part of the city, and the testimony and physical facts do not support a verdict against the city; that if any condition existed it was so slight that no careful or prudent person would reasonably anticipate any danger from its existence, and then under the law of Oklahoma, the city is not liable, and the court's failure to give requested instruction on trivial defects was prejudicial error; that the maintenance and care of sidewalks and streets in Oklahoma is a governmental function as distinguished from a corporate or proprietary function, and, therefore, the city is not liable for dirt, water and debris on the sidewalks or streets, except when a sidewalk has been rendered unsafe by direct act, order or authority of the municipality, or which such municipality has notice of such unsafe condition either actual or constructive.

The general rule is that the city is liable for obstructions in the sidewalk or street as well as defects in construction. The dirt which created the hazard on the step where plaintiff was injured was not "loose" dirt, but as shown by the evidence was dirt which had been held in place by grass roots for many months. However, we have held that even "loose" dirt is such an obstruction as would create liability on the part of the city where such dirt is allowed to accumulate on the street or sidewalk.

In the case of Cleveland Trinidad Paving Co. v. Mitchell, 42 Okl. 49, 140 P. 416, 417, we said:

"At any rate, whether or not there was a breach of duty on the part of the defendants, and whether or not the plaintiff's negligence contributed to her injury, were questions of fact that were submitted to the jury for determination, and the verdict of the jury, being supported by sufficient evidence, is conclusive on these points."

The record in this case was before the jury and shows that the plaintiff was seriously and permanently injured by the fall which she sustained on said steps; that the defect in the steps which was created by earth and grass roots varying in depth from step level to three inches to six inches was not a trivial defect or a mere inequality or irregularity in the surface, but that said condition constituted a serious hazard and one which would endanger the life and limb of all pedestrians attempting to use the same; that such a condition would be extremely dangerous on a sidewalk, but is hazardous to even a greater degree when allowed to exist on a step; that the city had notice of said condition, both by actual notice and by reason of the fact that such condition had been allowed to exist over a period of time measured not in months but in years. This evidence was sufficient to sustain the verdict of the jury and judgment based thereon.

From an examination of the instructions given by the trial court, and the fact that the jury was allowed to view the premises in question, together with the photographs of the defective street, and all the evidentiary facts in evidence and surrounding circumstances, we hold that the instructions given by the trial court fairly instructed the jury on the issues before it, and that the court did not err in refusing to give defendant's instruction on trivial defects.

There are no reversible errors shown in the record, and the judgment is supported by the evidence.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in result.

HALLEY, J., dissents.