Alma ZACHARY, Plaintiff in Error,

v.

The CITY OF SAPULPA, a municipal corporation, Defendant in Error.

F. C. ZACHARY, Plaintiff in Error,

v.

The CITY OF SAPULPA, a municipal corporation, Defendant in Error.

Nos. 41260, 41261.

Supreme Court of Oklahoma.

June 28, 1966.

Rehearing Denied Jan. 6, 1967.

Farmer, Woolsey, Flippo & Bailey, Tulsa, for plaintiffs in error.

Dan Odell, Thomas A. Wallace, Sapulpa, for defendant in error.

BERRY, Justice.

This appeal involves judgments in separate tort actions against the defendant municipality. Plaintiff filed an action seeking to recover damages for personal injuries alleged to have resulted from defendant's negligence, and the concurrent negligence of plaintiff's daughter and son-in-law. A second action was brought by the husband to recover for medical expenses and loss of services. The trial court sustained demurrers to the petitions and plaintiffs filed amended petitions. Defendant refiled its demurrers which were sustained, and upon plaintiffs' election to stand upon the petitions the trial court entered judgment dismissing the actions. Plaintiffs perfected appeals in both cases. By appropriate order the appeals were consolidated for briefing and consideration, and thus require only singular reference.

Plaintiff alleged that for over 15 years defendant had maintained a drain, extending north from the sidewalk in front of the daughter's home to a sewer catch basin, to carry off surface water which flowed in the street in front of the house; and that the catch basin and storm sewer were maintained by defendant. The storm sewer was small and inadequate to carry off water from rains, and was subject to becoming clogged by leaves and debris. The storm sewer, combined with the inadequate sidewalk drain, caused water to be impounded upon the sidewalk and yard of the daughter's home and resulted in silt, slime and mud being deposited upon the sidewalk. The condition was alleged to have existed for many years prior to plaintiff's accident

on June 2, 1962, with defendant having notice and knowledge of such conditions. The sidewalk drain was alleged to have been constructed by the predecessor in title of plaintiff's daughter and son-in-law.

Plaintiff charged defendant violated its duty to maintain the drain and storm sewer so there would be proper drainage, so that on each occasion of a heavy rain the clogged drain resulted in silt and slime accumulating upon the sidewalk thereby causing a dangerous condition. On the day in question, as plaintiff was leaving her daughter's home an innocent pool of muddy water concealed the fact that the sidewalk was covered with mud, silt and slime. While walking in a careful manner plaintiff slipped upon the muddy sidewalk and fell, suffering personal injuries for which damages ($75,000.00) were sought. Plaintiff charged the existence and violation of a duty owed by defendant to maintain the sidewalk drain and storm sewer in such manner as to provide proper drainage and prevent impoundage of water and deposit of mud and silt upon the sidewalk causing hazard to users of the sidewalk, and to remove same when deposited. Defendant's violation of its duties respecting these matters were alleged to have been the proximate cause of plaintiff's injuries. Other allegations of the petition concerned the nature and extent of the alleged injuries. Plaintiff eventually dismissed the cause of action against the daughter and son-in-law.

Defendant filed a Demurrer and Answer to the petition. The demurrer was upon the ground of failure of the petition to state facts sufficient to state a cause of action. 12 O.S.1961, § 267(6). The answer thereafter made general and specific denial of matters asserted as grounds of a cause of action. In appealing from the trial court's order and judgment the principal brief seeks reversal under a single proposition:

"A municipal corporation is charged with a duty of keeping its streets and sidewalks in a reasonably safe condition for the traveling public, and where a petition shows a slippery, muddy sidewalk

resulting from deposits of silt, mud, and clay due to inadequate storm sewer and a defective drain from the sidewalk to a sewer catch basin of which the city had actual notice, it is error to sustain a demurrer to such petition."

The argument supporting this proposition involves citation of a number of decisions involving a municipal corporation's liability for breach of the duty to maintain streets and sidewalks in a reasonably safe condition for ordinary use and travel. Numerous quotations purportedly stating controlling rules are quotations of editorial syllabi, which do not state the law of the case under our practice; see 12 O.S.1961, § 977. Other authorities cited and quoted at length are from decisions involving construction, operation and maintenance of a municipality's sewer system and do not require discussion. Under such authorities plaintiff urges that injury resulted from the slippery sidewalk because: (1) inadequacy of the drain and storm sewer to carry away surface water resulted in the sidewalk being covered with slippery silt; (2) defendant had actual notice and knowledge of inadequacy of the drainage system for many years. Upon this basis the conclusion is advanced that the petition stated a cause of action and the court thus erred in sustaining defendant's demurrer.

Plaintiff also cites and relies upon several decisions cited in the annotation in 16 A.L.R.2d 1290, dealing with liability of municipal corporations for pedestrian's injury, caused by slippery condition of sidewalk from deposits of earth or mud thereon. Without discussing each cited case, it is sufficient to note that review of these cases reflects that in each instance the defect complained of reasonably could be categorized as a permanently existing obstruction. See Strange v. City of St. Joseph, 112 Mo.App. 629, 87 S.W. 2, where dirt washed onto sidewalk and constituted an obstruction even in dry weather; Zieg v. City of Pittsburgh, 348 Pa. 155, 34 A.2d 511, where flagstone walk was lower than adjoining ground and street curb and formed a basin for water from nearby spring and walk was covered with water for distance of about ninety feet except in times of extreme drouth. A rule of liability based upon conditions constituting a permanent obstruction cannot be controlling in this case.

█ The settled rule under our decisions is that in exercise of its proprietary functions, a municipal corporation owes a primary duty to keep its sidewalks and streets in a reasonably safe condition for public use by ordinary modes of travel. Lane v. City of Tulsa, Okl., 402 P.2d 908. The parties are not in disagreement as to the fundamental duty owed by a city to persons using the city's streets. They are in serious disagreement as to application of the fundamental rules in the present case.

Two cases cited by plaintiff and discussed below adequately reflect plaintiff's theory on appeal:

Cleveland Trinidad Pav. Co. v. Mitchell, 42 Okl. 49, 140 P. 416 and City of McAlester v. Nelson, Okl., 357 P.2d 995. In the Mitchell case a company making street repairs under contract excavated an almost perpendicular step-off some four feet deep at a street intersection. In an effort to make the street passable the paving company put loose dirt against the step-off. Plaintiff was injured by stepping upon the loose earth which crumbled and caused her to fall. In this early case we announced the rule of municipal liability for negligence in failing to keep streets and sidewalks in a reasonably safe condition for use in ordinary modes of travel.

In City of McAlester v. Nelson, supra, plaintiff was injured by a fall received at a point where steps led down from a sidewalk to the intersection with a public street. Although we recognized the general rule that a municipality is liable for obstructions as well as defects in construction of streets and sidewalks, and that loose dirt constitutes an obstruction, the question determined simply was whether the defect involved legally was to be considered a trivial defect. We held whether the particular defect was to be considered trivial, or of

such character that reasonable men might differ as to anticipation of injury therefrom, was a question of fact for the jury.

Although not specifically alleged, matters relied upon in the petition advanced the theory of defendant's liability based upon negligence in construction and maintenance of a dangerous condition. This allegedly resulted from construction of a storm sewer inadequate to carry off surface water from rains, which combined with an inadequate drain under the sidewalk to result in overflowing the sidewalk when rain occurred. These allegations, although not claiming construction to have been part of an adopted plan, were sufficient to bring the claim of negligence to the limits of the rule expressed in Lewis v. City of Tulsa, 179 Okl. 176, 64 P.2d 675, and Davis v. City of Henryetta, Okl., 402 P.2d 902. This would be correct as concerns the municipality's presumed error of judgment in maintaining a drain in the public street which was not so palpably and inherently dangerous that all reasonable men would have to agree it was unsafe.

The condition, or combination of conditions, assertedly constituting negligence were not alleged to create a constant hazard to those using ordinary methods of travel. So far as reflected by matters asserted in the petition, the place where the accident occurred was in a particular, relatively small area. There was no claim that the entire sidewalk in the area was rendered hazardous, or that it was a constant condition existing in the immediate area.

■ Our prior decisions lay down the rule that as a matter of law a slight defect in a sidewalk (or street) does not establish primary negligence of the municipality, even though known to exist and an accident happens during use of the sidewalk. Most of these cases were cited in City of Woodward v. Mitch, Okl., 297 P.2d 557, 559. In that case holes ranging from 5⁄8 inch to 1½ inches in depth and of irregular shape approximately six feet apart in a heavily traveled sidewalk were held to constitute a slight or trivial defect, as to which the ques-

tion of a municipality's responsibility was a matter of law. This result was based upon City of Tulsa v. Frye, 165 Okl. 302, 25 P.2d 1080, wherein the syllabi state:

"A municipal corporation is bound by law to use ordinary care and diligence to keep its sidewalks in a reasonably safe condition for public use in the ordinary mode of travel.

"Where a municipal corporation has the duty of keeping its sidewalks in repair and an accident happens by reason of some slight defect from which damage was not reasonably to be anticipated, the said city is not chargeable with negligence.

"When a defect in a sidewalk is so slight that no careful or prudent person would reasonably anticipate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of defendant's responsibility is one of law."

■ In Frye the court cited City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462, as authority for the rule that the question of negligence or no negligence is one of law for the court, where only one inference reasonably can be drawn from the evidence. In the Harman case we quoted from Philadelphia, etc., R. Co. v. Fronk, 67 Md. 339, 10 A. 204, 205, which case quoted from Metropolitan Ry. Co. v. Jackson, 3 App.Cas. 197, as follows:

"The judge has a certain duty to discharge, and the jurors have another and a different duty. The judge has to say whether any facts have been established by evidence from which negligence may be reasonably inferred; the jurors have to say whether from these facts, when submitted to them, negligence ought to be inferred; and it is of the greatest importance in the administration of justice that these separate functions should be maintained, and maintained distinct. It would be a serious inroad on the province of the jury if, in a case where there are facts from which negligence may be rea-

sonably inferred, the judge were to withdraw the case from the jury upon the ground that, in his opinion, negligence ought not to be inferred; and it would, on the other hand, place in the hands of the jurors a power which might be exercised in the most arbitrary manner, if they were at liberty to hold that negligence might be inferred from any state of facts whatever."

Upon the reasoning supporting the conclusion in City of Ada v. Burrow, 171 Okl. 142, 42 P.2d 111, 113, we are of the opinion the trial court properly sustained the demurrer to plaintiff's petition as not pleading facts sufficient to state a cause of action. The mere fact the storm sewer at times became clogged and failed to carry off surface water did not establish primary negligence on defendant's part in construction and maintenance of the catch basin and sidewalk drain. This must be true unless it can be said as a matter of law the mere fact of the physical circumstances described in the petition raises a reasonable inference of negligence. It was not alleged that the storm sewer did not meet generally accepted and customary methods of storm sewer construction, or that the existing facility was unusual in any respect. The petition simply alleged as a legal conclusion that the storm sewer was of such small size that it would not carry off water from rains, would become clogged with debris and, combined with an inadequate sidewalk drain, could cause water to be impounded and silt to be deposited upon the sidewalk.

We are of the opinion, under the authorities cited and as a matter of common experience and observation, that the conditions alleged were not sufficient to charge defendant with primary negligence in creating a situation inherently dangerous to ordinary and customary travel upon defendant's sidewalk.

As noted, the defendant filed a "Demurrer" and an "Answer" incorporated in one instrument, although each was separately styled and stated. No objection was made to the form or substance of such pleadings. In the reply brief plaintiff for the first time urges that a pleading which contains both a general demurrer and general denial must be treated as an answer and the demurrer considered waived. Upon authority of Greer Inv. Co. v. Hoover, 163 Okl. 83, 21 P.2d 13, plaintiff insists the trial court was not permitted even to consider the demurrer, and therefore erred in sustaining same.

The rule in Hoover, and earlier cases to the same effect, evolved from the statute originally adopted from the State of Kansas. Kan.G.S. (1889) § 4176; Kan.G.S. (1949) § 60–708. The Kansas court considered this problem in Clark Lbr. Co. v. Possig et al., 184 Kan. 667, 339 P.2d 280, an action involving subcontractors' actions to foreclose certain mechanic's liens. The defendant filed separate answers to the petitions alleging payment, and failure of the lien claimants to serve the requisite lien notice upon defendant owner. By separate paragraph in each answer the defendant demurred generally to the petitions. Upon filing replies the defendant moved for judgment upon the pleadings. The trial court heard separate argument upon the motions and the demurrers, and thereafter sustained the demurrers and the motions for judgment on the pleadings. In affirming the trial court the Kansas court pointed out the lack of challenge to the demurrers as having been filed as part of answers, and stated that Kansas law did not require that defendant should be considered as having waived or abandoned the demurrers. The court quoted from the early case of Butcher v. Bank of Brownsville, 2 Kan. 70, 83 Am. Dec. 446:

> "We do not propose to comment on the rule of Court requiring demurrers and answers to be filed at the same time. It is manifestly a bad rule, but by conforming to it without excepting, the plaintiff can take no advantage of it, save that it repels the inference that by filing his answer the defendant waives his demurrer. * * *"

We consider this reasoning persuasive in the present appeal.

Without comment as to future advisability of the practice of incorporating different pleadings into one total instrument, these pleadings were different both as to form and substance. Each constituted a discernible, separate request for affirmative relief, subject to separate consideration which the trial court accorded the parties in passing upon the questions presented. The present case is distinguishable from the Hoover case, supra, and State Exch. Bk. of Elk City v. Nat. Bk. of Commerce, 70 Okl. 234, 174 P. 796, 2 A.L.R. 211. Those decisions rest upon the fact that matters presenting the demurrer, and matters pled in denial of the petitions, were commingled in one instrument as one pleading and were not separated or divisible in form or substance.

Judgment affirmed.

HALLEY, C. J., and DAVISON, BLACKBIRD, IRWIN, HODGES and LAVENDER, JJ., concur.

JACKSON, V. C. J., and WILLIAMS, J., dissent.