## CITY OF CHICKASHA v. DANIELS.

No. 16391—Opinion Filed May 4, 1926.

Rehearing Denied Jan. 18, 1927.

1. **Municipal Corporations—Liability for Injuries from Fall on Icy Pavement—Evidence of City's Custom of Sprinkling in Freezing Weather.**

Where a municipal corporation has permitted its paved streets to be sprinkled with water in freezing weather, and this practice or custom has been followed for several years, it is not error of the court to admit evidence of this practice prior to an accident for which action is brought, where such evidence is introduced for the purpose of showing constructive notice of such practice.

2. **Same—Constructive Notice of Conditions of Streets.**

It is not necessary that a city have actual notice of the condition of its streets. It is sufficient that the defective condition of the street had existed for such a period of time that the city, by the use of ordinary care, could have discovered the same.

3. **Same—Liability Where Ice Layer Results from Sprinkling.**

While a municipal corporation is not liable under the general rule for accidents occasioned by reason of ice upon its streets due to natural causes, it is liable where such ice is suffered or permitted through artificial causes to cover the streets or walks, and where the municipal corporation suffers its paved streets to be sprinkled with water in freezing weather, whereby such street becomes covered with smooth ice, dangerous to travelers on such streets, the city will be liable in damages for injuries sustained by reason of the condition of such street.

4. **Same—Liability of City Where Sprinkling Done by Private Persons with City's Permission.**

A municipal corporation is charged by law with the duty of at all times keeping its streets and sidewalks in a reasonably safe condition for travel by the public. No municipal corporation, by any act of its own, can devolve this duty on another so as to relieve itself from liability for an injury resulting from its failure to perform this duty, and where it knowingly permits private persons to sprinkle the streets in freezing weather, the city will be liable in damages for injuries occasioned by ice formed by such sprinkling.

5. **Same—Actual or Constructive Notice of Street Conditions—Question for Jury.**

Notice to a city of a defective or dangerous condition of a street, or of a custom or practice which makes the street dangerous for travelers thereon, may be actual or constructive, and the question of notice is one for the jury to determine.

6. **Trial—Refusal of Requested Instructions Where Law Covered in Charge.**

It is not error to refuse special instructions, where the general instructions are sufficiently broad to enable the jury to fully understand the law of the case.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Grady County; M. W. Pugh, Judge.

Action by William Daniels against the City of Chickasha, seeking to recover damages for injuries occasioned by falling on an ice covered street. Judgment for plaintiff, and defendant appeals. Affirmed.

Barefoot & Carmichael, for plaintiff in error.

William Stacy and R. E. Davenport, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court.

The plaintiff, William Daniels, alleges that on January 26, 1922, while riding a bicycle across the intersection of Chickasha avenue and Fourth street in the city of Chickasha, where the asphalt pavement sloped from the center or a crown of the street to the curb on either side, his bicycle slipped, and he fell, breaking his leg, and knocking down his knee cap; that the defendant permitted its streets to be sprinkled with water from a watering cart in the winter time, and when sprinkled the water would freeze as soon as it struck the smooth pavement. He alleges knowledge and notice on the part of the city as to this general practice of sprinkling regardless of the condition of the weather; that he was engaged in business, and a bicycle was his usual mode of travel; that prior to the injury he had been earning $50 per week; that he was confined to his bed for a long period of time, and has been permanently injured, and that he filed his claim with the city as required by law, and attaches a copy of the claim.

Defendant denies any negligence on the

part of the city, and alleges that the injury, if any, was caused wholly by the carelessness and negligence of plaintiff; that if the street was sprinkled in freezing weather, it was done without the knowledge or consent of the defendant; that on January 16, 1922, the street pavement was smooth and free from defects or obstructions, and that the city has performed all of its duties in the premises.

The cause was tried to a jury, and a verdict returned for plaintiff, and defendant appeals and assigns some 29 specifications of error, which it presents under six propositions.

The first assignment is leveled against the introduction of certain evidence. Witnesses were permitted to testify as to having seen the downtown or business streets sprinkled in freezing weather, and the water freeze and form a thin coating of ice on the asphalt pavement, and that this had been the custom of the city for some years. While this evidence was of no value as fixing the liability of the city for the particular accident, it was admissible to show actual or constructive notice to the city of this custom or practi e which rendered the streets unsafe for travel.

"It is not necessary that a city have actual notice of the condition of its streets. It is sufficient that the defective condition of the street had existed for such a period of time that the city, by the use of ordinary care, could have discovered the same." City of Cushing v. Bowdlear, 74 Okla. 138. 177 Pac. 561: Oklahoma City v. Welch. 3 Okla. 288. 41 Pac. 598: City of Lawton v. Hills, 53 Okla. 243, 156 Pac. 297.

There was evidence of the fact that because of this custom of sprinkling the streets in freezing weather, teamsters were compelled to detour around this street, as horses could not stand thereon after the sprinkling wagon had passed.

We would be inclined to view the admission of former sprinklings more seriously, were it not for the fact that the mayor of the city, Mr. Coffman, also Mr. DuBose, president of the city counsel, each testified to having seen the sprinkling wagon in operation in cold as well as in warm weather, and they thought it was necessary to sprinkle to keep down the dust. Mr. Ryan, who operated the sprinkling wagon, testified the chief of police notified him on this day that the water was freezing, and he should not continue, as accidents were liable to happen, but no one attempted to stop the sprinkling. We think under the evidence the city had actual

notice of the sprinkling and the condition of the street as the result thereof.

Defendant cites numerous authorities holding the municipal corporation is not liable for accidents occasioned by ice and snow upon the streets and sidewalks, and we are aware law reports are replete with such opinions, but the opinions cited are based upon conditions arising from natural causes, such as hail, snow, rain, or snow melting on buildings, and dripping to and freezing upon the street or sidewalk, and with these opinions we are in full accord; however, where the accumulation of ice is not due to natural causes, a different rule applies.

28 Cyc. (Municipal Corporations) p. 1375, announces the following rule, which is supported by an unbroken line of authorities:

"A municipal corporation is liable for an injury due to an accumulation of ice or snow upon a sidewalk, where its own negligence has caused or contributed to its being there, as where it was due to the negligently defective construction or condition of the walk, or a de.ective, insufficient or obstructed drain, gutter or catch-basin, a leaky hydrant. or negligence on the part of the municipality in permitting water to be discharged from conductors from a roof upon the sidewalk, or in failing to prevent the flow of surface waters upon a walk."

See, also, McQuillan. Municipal Corporations, vol. 6. section 2789, and cases cited. Corbett v. City of Troy. 6 N. Y. Supp. 381, and Walsh v. City of New York, 96 N. Y. Supp. 540, and Decker v. City of Scranton (Pa.) 25 Atl. 36. were cases where the city permitted water from leaky hydrants to flow across the sidewalk into the street, forming ice in freezing weather. In Scoville v. Salt Lake City (Utah) 39 Pac. 481, the city permitted the water to flow from a conductor, and across the sidewalk, and freeze. See, also, City of Muncie v. Hay (Ind.) 74 N. E. 250. M. Caha v. Mayor of Hagerstown (Md.) 51 Atl. 832, and McGowan v. City of Boston (Mass.) 49 N. E. 633, in each of which the municipality was held liable where the water was not deposited upon the sidewalk or roadway by natural means.

We think the facts in the instant case present a stronger case than those cited, as in the cited cases it would have required some physical effort. some work, labor and materials, to have effected a remedy of conditions, while in the instant case a mere words, an order, from the municipal authorities would have prevented sprinkling of these streets when the temperature lowered to a degree indicating freezing, and that they

permitted this practice for the purpose of "laying the dust" for the benefit of merchants conducting stores on these streets, and the merchants paid for the sprinkling, will not absolve the defendant from liability.

"A municipal corporation is charged by law with the duty of at all times keeping its streets and sidewalks in a reasonably safe condition for travel by the public. No municipal corporation by any act of its own can devolve this duty on another so as to relieve itself from liability for an injury resulting from its failure to perform this duty." City of Hugo v. Nance, 39 Okla. 640, 135 Pac. 346; City of Sapulpa v. Deason et al., 81 Okla. 51, 196 Pac. 544; City of Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186.

On the question of notice we will not dwell at length. Notice may be actual or constructive. Cleveland Trinidad Paving Co. v. Mitchell, 42 Okla. 49, 140 Pac. 415.

Mr. Coffman had been mayor of Chickasha eight years, and had been in the city council and mayor 20 years. Mr. DuBose, president of the city council, had been on the council 12 years, and was acting mayor in the absence of Coffman, and they had seen this sprinkling wagon in operation both in summer and winter, in warm weather and in cold weather, but never made any effort to stop it. Ryan, who had the contract for sprinkling the streets, started his work December 1, 1921. Before that time another party had the contract which was made with the merchants. He testified the chief of police had told him to be careful about sprinkling in freezing weather. The street commissioner of defendant city has seen the sprinkler running winter and summer, and we think this knowledge was sufficient to charge defendant with notice, but be that as it may, "the question of notice is one of fact for the jury." Cleveland Trinidad Paving Co. v. Mitchell, supra.

The next assignment of error is leveled against the fourth instruction given by the court as follows:

"You are instructed that if you believe from the evidence that plaintiff while traveling on and along Chickasha avenue in the city of Chickasha on a bicycle, and while in the exercise of ordinary care and caution his bicycle slipped on ice formed and created by the sprinkling of said street, thereby throwing plaintiff and injuring him, and if you further find from the testimony that prior to the accident that Chickasha avenue had been sprinkled and ice formed from said sprinkling upon a sufficient number of occasions that by the use of ordinary care the defendant could have discovered and known that said Chickasha avenue was being sprinkled and ice forming from such sprinkling, and have prevented said sprinkling and that the negligence of the defendant aforesaid was the direct and proximate cause of such injury, then you are instructed to find for the plaintiff, otherwise you would find for the defendant, provided the negligence of the plaintiff, if any, did not contribute to such injury, if any."

Citing in support thereof, Bellevue Gas & Oil Co. et al. v. Carr, 61 Okla. 290, 161 Pac. 203, which case is not in point in any particular, and defendant contents itself with stating that as the ice was smooth, and the pavement without defects, the fact that ice formed at this point on numerous occasions from the street sprinkling was not sufficient to charge the defendant with notice. The fact that the ice was smooth will not exonerate defendant, as it it a common sight to see heavy automobiles and trucks turn completely around or slide or skid from the middle of the street to the curb on smooth ice, and the smoother the ice the greater the danger, and his instruction properly stated the law applicable to the facts in this case, and the question of notice was for the jury as hereinbefore stated.

Defendant next assigns as error the giving of the following instruction:

"Municipal corporations are required to exercise ordinary care and diligence to keep its streets in a reasonably safe condition for public use in the ordinary and usual mode of travel, and if it fails to do so, it is liable for injuries sustained by such negligence, provided that the party injured was in the exercise of ordinary care and caution at the time the injury occurred."

The instruction correctly states the law, and is supported by abundant authorities as hereinbefore pointed out.

Defendant assigns as error the failure of the court to give defendant's requested instructions Nos. 2, 5, 7, 8 and 9. It is unnecessary to set out these requested instructions in this opinion. They have been carefully read and compared with the instructions given, and in so far as they are applicable to the facts, they are fully covered by the general instructions.

"It is not error to refuse special instructions, where the general instructions are sufficiently broad to enable the jury to fully understand the law of the case." City of Cushing v. Bay, 82 Okla. 140, 198 Pac. 877. See Mills v. Williams, 87 Okla. 190, 209 Pac. 771; Mills v. Stewart, 87 Okla. 189, 209 Pac. 770; Muskogee Elec. Traction Co. v. Jackson, 88 Okla. 184, 212 Pac. 416; Clapp v.

Miller, 89 Okla. 38, 213 Pac. 845; Producers & Ref. Corp v. Castile, 89 Okla. 216. 214 Pac. 121."

Defendant complains the verdict of $9,000 was excessive, and given under the influence of passion and prejudice. The evidence discloses plaintiff was 45 years of age, engaged in the business of repairing locks, guns, phonographs, etc., and used a bicycle to go out on his calls, and was making about $50 per week. He received the injury January 16. 1922, and was confined to his bed until April, and was compelled to use two crutches until September, 1922, and could not walk without the support of one crutch and a cane in October, 1924, when this case was tried, and his broken leg is two and one-half inches shorter than his other leg, and he had not been able to ride a bicycle since the accident. Under the proven facts in this case, we cannot say the verdict was for an excessive amount.

No error being apparent in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.