LEADER *v.* STRAVER.

1. AUTOMOBILES—STOP STREET—TRAFFIC PREFERENCE.

Since the purpose of a stop street is to afford traffic on it a preference, it is the duty of motorist arriving at such street to stop and remain stopped until a reasonable opportunity to proceed appears as, after stopping, he does not immediately acquire a right of way as against all vehicles on the stop street which have not reached the intersection.

2. SAME—NEGLIGENCE—EVIDENCE—STOP STREET.

In action, tried without a jury, by wife, a passenger of motorist driving north on stop street, against motorist who drove easterly across it on cross street, evidence *held,* sufficient to sustain judgment for plaintiff as warranting conclusion that proximate cause of accident was failure of defendant to remain stopped, assuming she had stopped, until a reasonable opportunity to proceed appeared.

3. SAME—NEGLIGENCE—EVIDENCE—PLEADING—AMENDMENT.

In action, tried without a jury, by wife, a passenger of motorist on stop street, against motorist crossing such street on cross street which was not a stop street, evidence introduced by plaintiff *held,* sufficient to warrant conclusion defendant drove in a careless and heedless manner, at a speed not reasonable with due regard to traffic, without having the car under proper control and without stopping at the intersection, amendment of declaration to conform to the proofs after submission of case, being unnecessary although permissible (Court Rule No. 19, § 4 [1933]).

Appeal from Wayne; Campbell (Allan), J. Submitted October 15, 1936. (Docket No. 110, Calendar No. 39,205.) Decided December 9, 1936.

Case by Pearl Leader against Louis G. Straver and others for personal injuries sustained in an automobile accident at an intersection. Judgment for plaintiff. Defendants appeal. Affirmed.

*Irwin I. Cohn (Sidney J. Karbel* and *Sigmund Jaulus,* of counsel), for plaintiff.

*Woodruff, BeGole & McInerney (Baillie & Cary,* of counsel), for defendants.

FEAD, J. On trial before the court without a jury, plaintiff had judgment for injuries sustained in a collision of automobiles at the intersection of Twelfth street and Chicago boulevard, in the city of Detroit. Twelfth street was a stop street and had a street car track on it. Chicago boulevard was not a stop street. The issues present questions of negligence and contributory negligence, both as matters of law and of fact.

Plaintiff was riding in her husband's car, driven by him north on Twelfth street. Mr. Leader testified that, when about 25 feet from the intersection, he looked to the west and saw two cars standing at the edge of the intersection, apparently waiting for the through traffic on Twelfth street to pass; a car, driven by one Serlin, passed him about at the Chicago boulevard line and drove on; he followed it and when from three to fifteen feet into the intersection, defendant's car, driven by Mrs. Straver, struck his car at the front left side at the bumper, swinging it around to face easterly; he did not see defendant's car until it was about to strike him.

Serlin, a disinterested witness, said that the Straver car was not one of the two stopped at the west side of the intersection; that it appeared suddenly and was moving rapidly and would have struck his car had he not accelerated his speed to avoid it; that it passed closely behind him and struck plaintiff's car.

Neither defendant testified. A disinterested witness, Mr. Shorter, however, said that his and the

Straver car were stopped at the west edge of the intersection; that a street car went south on Twelfth street and immediately thereafter he saw plaintiff's car 75 to 100 feet from the crossing and thought he could drive on; Mrs. Straver also started her car, accelerated her speed more rapidly than Shorter and had almost gotten through the intersection when it was struck by plaintiff's car at the rear right fender. Shorter said he stopped at the car tracks because he thought Leader had the right of way and also because he could see that Leader's car would strike defendant's car unless Leader swerved to the left and, if he did, he would strike Shorter unless the latter stopped.

The purpose of a stop street is to afford traffic on it a preference. It is the duty of one arriving at such street not only to stop but so to remain until a reasonable opportunity to proceed appears. It would be contrary to all custom, general understanding, and the purpose of a stop street, to hold, as contended by defendants, that, after stopping, the driver immediately acquires the right of way as against all vehicles on the stop street which have not reached the intersection.

When Leader saw the standing cars he was close enough to the intersection to justify a reasonable belief that they would not proceed until he had crossed, especially because there was another car immediately ahead of him. Assuming that the Straver car was one of the two stopped at the west side of the intersection, it is a fair conclusion, from plaintiff's testimony, that the proximate cause of the accident was the failure of Mrs. Straver to remain stopped until a reasonable opportunity to proceed appeared.

. The testimony being in dispute, the issue became one of credibility of witnesses and appraisal of circumstances. We cannot say the judgment was against the preponderance of the evidence.

Defendants complain that their motion for directed verdict, made at the conclusion of plaintiff's case, should have been granted on the ground that no negligence charged in the declaration had been shown. They particularly insist upon this because, after the case was submitted, the court permitted an amendment under Court Rule No. 19, § 4 (1933), to conform to the proofs. We do not think such amendment was necessary, although permissible, because an amended declaration filed before trial carried the appropriate charges of driving in a careless and heedless manner, at a speed not reasonable with due regard to the traffic, and without having the car under proper control. It also alleged that Mrs. Straver did not stop at the intersection. When plaintiff closed her case, Serlin's testimony would justify the latter conclusion.

Affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.