Dorothy MARSDEN, for herself and as Trustee for the North Dakota Workmen's Compensation Bureau, Plaintiff and Respondent,

v.

Garry O'CALLAGHAN, Defendant and Appellant.

No. 7538.

Supreme Court of North Dakota.

April 20, 1956.

Rehearing Denied July 2, 1956.

Higgins & Donahue, Bismarck, for defendant and appellant.

William S. Murray, Bismarck, for plaintiff and respondent.

JOHNSON, Judge.

This is an action for damages for wrongful death resulting from a collision of two automobiles. The action is brought by the plaintiff for herself as the surviving widow of Ellis Coley Marsden, deceased, and for the benefit of his minor children, Maureen Rae Marsden, 15 years of age, Dawnine Ruth Marsden, 8 years of age, and Coleyne Anne Marsden, 17 months of age, and also as trustee for the Workmen's Compensation Bureau for payments made to the plaintiff or to be paid to the plaintiff upon a claim filed with the Bureau. The action is based on the alleged negligence of the defendant. It is claimed that Ellis Coley Marsden died as a proximate result of the defendant's negligence.

The defendant answers denying generally the allegations of the complaint and asserting that the plaintiff's husband was negligent in that he drove upon Highway Number Ten in an easterly direction at a high, reckless, and dangerous rate of speed; that he failed to keep a proper lookout, and to keep his automobile under proper control; that he so carelessly and negligently oper-

ated his automobile that it skidded and swerved sideways to the north side of Highway Number Ten into and across the lane in which the defendant's automobile was then located, and that these acts of negligence were the proximate cause of the collision and accident between the automobiles driven by Ellis Coley Marsden, the deceased husband of the plaintiff, and by the defendant.

The case was tried to a jury in the district court of Emmons County, North Dakota, on January 5, 1955, resulting in a verdict in favor of the plaintiff.

As soon as the plaintiff had rested, and again after both parties had rested, the defendant made a motion for a directed verdict. The motion was resisted and the case submitted to the jury.

It is undisputed that on January 5, 1954, at about 11 o'clock in the forenoon a collision took place between a Pontiac car driven by Ellis Coley Marsden, deceased, and a Plymouth driven by the defendant, Garry O'Callaghan. Mr. Marsden, at the time of the collision was traveling east on Highway Number Ten and the defendant was traveling north on a county highway which intersects U. S. Highway Number Ten at a point about one mile west of the village of Menoken. There has been erected a stop sign at the entrance of the county highway as it intersects Highway Number Ten. Section 39–0703 NDRC 1943.

It is also undisputed that U. S. Highway Number Ten, is an arterial or through highway and that at the time of the accident the maximum speed limit set by the Highway Commissioner under the statute was sixty miles per hour.

Mr. Marsden received head and other physical injuries in the collision. He was hospitalized for about three weeks. Some time after his release from the hospital he was again hospitalized for a short time. He was unable to work from the time of the accident until his death except for about three weeks. On the advice of his doctors he went to Minneapolis, Minnesota, for medical treatment where he died on July 14, 1954, while undergoing an operation.

On January 10, 1955, the trial court signed an order for judgment pursuant to the verdict. On January 17, 1955, notice of entry of judgment and judgment was served upon the defendant's attorney, reciting that judgment had been entered on January 17, 1955.

On the same day as notice of entry of judgment was served by the plaintiff upon the defendant, the defendant served a notice of motion and motion for entry of judgment in favor of the defendant and against the plaintiff, for a dismissal of the plaintiff's action notwithstanding the verdict rendered against the defendant. As a basis of the motion the defendant asserted that there was no competent evidence introduced or presented showing the cause of the death of the deceased, Ellis Coley Marsden, or that it was proximately caused by any action of the defendant; that there was a complete failure and insufficiency of the evidence to support plaintiff's cause of action. It was also asserted that the court erred in failing to grant the motion of the defendant for a directed verdict at the close of the plaintiff's case and the motions for dismissal and for a directed verdict in favor of the defendant at the close of the trial, after both parties had rested, on the ground that the evidence proved that the negligence of the decedent, Ellis Coley Marsden, was the proximate cause of the collision from which the plaintiff's damages arose, or directly and proximately a contributing cause thereof. This was merely another method of challenging the sufficiency of the evidence. It is also asserted that the court erred in failing to give three instructions requested by the defendant.

The motion for judgment notwithstanding the verdict was denied by the court on April 9, 1955. The order denying the motion for judgment notwithstanding the verdict states in part: "that the evidence is ample to sustain the verdict." A copy of the order denying the motion was served upon the defendant on the 12th of April 1955.

The defendant appeals to this court from the judgment alone. He specified as errors the insufficiency of the evidence and the refusal of the court to give the three requested instructions submitted by him. These are the same grounds that had been urged by the defendant on the motion for judgment notwithstanding the verdict.

No motion was made by the defendant for a new trial. No appeal was taken by him from the order denying the motion for judgment notwithstanding the verdict.

The plaintiff and respondent contends that the order denying the motion for judgment notwithstanding the verdict is an appealable order, and that since the defendant failed to take an appeal therefrom within sixty days from and after the service thereof upon the defendant, Section 28–2704 NDRC 1943, he is not in a position to raise the question of the insufficiency of the evidence to sustain the verdict.

The first question for determination is whether the order denying the motion for judgment notwithstanding the verdict is, under our present statute, an appealable order.

Insofar as pertinent here, Section 28–1511 NDRC 1953 Supp., provides:

"Orders Separately Reviewable on Appeal. The supreme court, without a motion for judgment notwithstanding the verdict, or a motion in the alternative for such judgment or for a new trial, first made in the trial court, may review the ruling on the motion for a directed verdict on appeal from the judgment, and may order judgment to be entered when it appears from the testimony that a verdict should have been so directed. *It also may so order on appeal from an order denying a motion for judgment notwithstanding the verdict, or * * *.*" (Emphasis supplied.)

It is clear under this statute that an order denying a motion for judgment notwithstanding the verdict is now an appealable order. This conclusion is strengthened by the title to Chapter 204, 1951 Session Laws, which refers to "appeals from orders denying such motions", one of which is motion for judgment notwithstanding the verdict.

This court in Kinnischtzke v. City of Glen Ullin, 79 N.D. 495, 504, 57 N.W.2d 588, 593, in connection with the discussion of this statute clearly intimated that an order denying motion for judgment notwithstanding the verdict was an appealable order. The court said:

"The change comes in the provision that the supreme court 'also may so order on appeal from an order denying a motion for judgment notwithstanding the verdict, or on appeal from an order denying a motion for judgment in accordance with the motion for a directed verdict if no verdict was returned.' This language clearly vests in the supreme court on an appeal from an order denying a motion for judgment notwithstanding the verdict the same power to review the evidence and order judgment as it has on an appeal from the judgment, provided a motion for a directed verdict has been properly made."

In the case at bar the motion for a directed verdict was made.

The motion for judgment notwithstanding the verdict, in effect, reviews only the ruling on the motion for a directed verdict. Ennis v. Retail Merchants' Ass'n Mut. Fire Ins. Co., 33 N.D. 20, 156 N.W. 234; Weber v. United Hardware & Implement Mutuals Co., 75 N.D. 581, 31 N.W.2d 456; Westerso v. City of Williston, 77 N.D. 251, 42 N.W.2d 429. The motion questions the sufficiency of the evidence as of the time of the motion for the directed verdict.

The decision on the motion for judgment notwithstanding the verdict is simply a delayed or deferred action on the motion for directed verdict made at the close of the evidence. It considers the evidence as it stood at that time. Mann v. Policyholders' Nat. Life Ins. Co., 78 N.D. 724, 51 N.W.2d

853; Dahl v. North American Creameries, N.D., 61 N.W.2d 916.

Since under Section 28-1511 NDRC 1953 Supp., an order denying a motion for judgment notwithstanding the verdict made after the entry of judgment, is now an appealable order, unless an appeal is taken within the time allowed by law, the order becomes final. The order denying the motion for judgment notwithstanding the verdict became final on June 12, 1955. The determination made by the trial court on the issues that were properly before it on the motion for judgment notwithstanding the verdict are no longer subject to review in this court upon appeal from the judgment. On the motion for judgment notwithstanding the verdict, the trial court reviewed the sufficiency of the evidence concerning the questions of negligence, contributory negligence, and the cause of the death of Ellis Coley Marsden and found that there was ample evidence to sustain the verdict. While the sufficiency of the evidence is not before us, we have examined the entire record and ascertained that there was a conflict therein as to whether the defendant stopped at the stop sign on the south side of Highway Number Ten before proceeding to enter into and upon the intersection of that highway with Highway Number Ten.

■ The question is thus presented, whether this court on the appeal from the judgment alone, may again review the sufficiency of the evidence to determine whether it sustains the verdict.

In Goodman v. Mevorah, 79 N.D. 653, 59 N.W.2d 192, it was held that where an order denying a motion for a new trial is made after judgment an appeal from the judgment alone does not bring up for review the order denying a new trial. The court in discussing that said at page 196 of 59 N.W.2d:

"An order denying a motion for a new trial made after the entry of judgment is an appealable order, NDRC 1943, 28-2702(4), and where an order denying a motion for a new trial is

made and entered after judgment is rendered and entered an appeal from the judgment alone does not bring up for review the order denying a new trial. (Cases cited.)"

The court discussing this matter further held that all questions and issues sought to be determined on the appeal from the judgment were involved and determined and presented for determination on the motion for a new trial, and such questions and issues were determined against the plaintiffs by the order denying a new trial; that the object of the motion and the relief asked for was the vacation of the verdict and the judgment rendered thereon and a new trial of the action; that the object of the appeal from the judgment and the relief sought to be obtained are precisely the same, namely a vacation of the verdict and a reversal of the judgment rendered upon the verdict and a new trial of the action, all upon the same basic grounds as those which had been presented to and determined by the trial court on the motion for a new trial. Then the court said:

"Such adjudication is binding upon the parties to this action, and determinative of the questions and issues sought to be presented by the plaintiffs for determination on this appeal. (Cases cited)."

■ An order denying judgment notwithstanding the verdict is now an appealable order and since the question of the sufficiency or the insufficiency of the evidence was properly before the court on that motion, and the trial court had the authority to grant the motion or to deny it, the situation in the case at bar is analogous to the situation that prevailed in Goodman v. Mevorah, supra. The appeal from the judgment alone in the case at bar, therefore, does not bring up for review the insufficiency of the evidence.

The defendant asserted in his motion for judgment notwithstanding the verdict that the failure of the trial court to give three requested instructions constituted error. The trial court passed upon that issue in

the order denying the motion. However, questions arising on the requested instructions were not properly before it on that motion.

■ This court has held in Pease v. Magill, 17 N.D. 166, 115 N.W. 260, that errors in instructions and errors of law occurring at the trial do not constitute grounds for a motion for judgment notwithstanding the verdict. The decision of the trial court that the requested instructions were properly refused does not preclude us on this appeal from the judgment alone from determining the questions that arise upon this specification of error. We, therefore, proceed to that issue.

The defendant requested the court to give the following instructions:

"1. When two motor vehicles are approaching each other upon the public highway the driver of each has the right to presume that the driver of the other vehicle will obey the law in the operation of his vehicle and to proceed upon that presumption until he notices or should notice in the use of due and reasonable care that the other driver is not operating legally, if such illegal operation takes place."

"2. I charge you that there is nothing in the traffic laws of this state to require the driver of an automobile, who has come to full stop with his car, before entering an arterial or through highway and at a stop sign, to wait until the passing of an approaching car to his left, when with the use of due care he can safely enter the intersection and pass through on his way."

"3. I charge you that the driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection."

■ These requested instructions were refused. The court in its instructions gave complete and correct statements of the law with reference to ordinary care, negligence, contributory negligence and proximate

cause. He related these instructions to the disputed facts and issues involved in the case. The jury was told that it was prima facie lawful for a driver of an automobile to drive the same upon a county highway at a speed not exceeding fifty miles per hour. It was further told, in the words of the statute, that a driver entering or crossing into and upon an arterial or through highway, Section 39–0703 NDRC 1943, must come to a full stop, and that whenever a stop sign had been erected no driver of any vehicle "shall fail to stop in obedience thereto." The jury was also instructed that, "before turning from the direct line the driver of any vehicle upon a highway shall first see that such movement can be made in safety." Complete and adequate instructions had been given the jury in general terms with reference to the applicable statutes to enable them to apply the law of negligence, contributory negligence and proximate cause to the disputed facts in issue.

53 Am.Jur., Trial, Sec. 527, pgs. 424, 425 and 426 states the general rule as follows:

"A court is not bound to charge in the precise language of a request, however correct it may be. The rule has long been established by an unbroken line of judicial authority that the refusal to give a requested instruction, even though it states the law correctly, does not constitute either error or reversible error if it is substantially covered by instructions given, or if everything in the requested instruction which the party is entitled to have given has already been given by the court in other instructions. Thus, it is not error to refuse special instructions, where the general instructions are sufficiently broad to enable the jury to understand the law of the case." Coffin v. United States, 162 U.S. 664, 16 S.Ct. 943, 40 L.Ed. 1109; City of Chickasha v. Daniels, 123 Okl. 73, 251 P. 978, 51 A.L.R. 568; Rheinheimer v. Aetna Life Ins. Co., 77 Ohio St. 360, 83 N.E. 491, 15 L.R.A.,N.S., 245. "Instructions as to particular phases of the testimony may be denied if the judge gives full

and sufficient instructions which will enable the jury to understand the law applicable to all branches of the case." See also United States v. Stoehr, 3 Cir., 196 F.2d 276, 33 A.L.R.2d 836, certiorari denied 344 U.S. 826, 73 S.Ct. 28, 97 L.Ed. 643.

In the case at bar the court had given general instructions that were sufficiently broad to enable the jury to fully understand the law of the case.

■ Where requested instructions are covered in substance by the trial court, prejudicial error does not arise from refusal to give requested instruction. Enget v. Neff, 77 N.D. 356, 43 N.W.2d 644. It is not error for the trial court to refuse requested instructions even though proper, when the substance thereof is covered in other instructions. Peterson v. Bober, 79 N.D. 300, 56 N.W.2d 331.

The second requested instruction was based on the case of Fagerlund v. Jensen, 74 N.D. 766, 24 N.W.2d 816, 819. It will be noted that this requested instruction assumes a fact which is disputed in the evidence, that the defendant came to a full stop before entering Highway Number Ten. Whether defendant had stopped or not was a question of fact for the determination of the jury. In the Fagerlund v. Jensen case, supra, the plaintiff had come to a full stop. In that case this court said:

"There is nothing in the traffic regulations to require the plaintiff to wait for a coming truck a considerable distance to his left, when with the exercise of due care he can safely enter the intersection and pass through on his way. The facts submitted, if believed by the jury, show that plaintiff not only had entered the intersection and turned to the left as he had a right to do, but had passed completely out of the intersection."

■ In the case at bar the issue as to whether the defendant stopped was for the jury. The defendant says that he did stop and look, but did not see the approach of any car from the west or the east. His wife had testified that she saw a car coming from the west and another one coming from the east; that she thought that they were about a quarter of a mile away; that they were about equidistant from the place at which the defendant's car was located, although the car coming from the east might have been a little further away. She was asked:

"And did you make any observation at that time to your husband about the traffic situation?

"A. Not anything but that the road was clear."

With the evidence in this state it became a question of fact whether the defendant did stop, or if he did stop, whether he was not negligent in proceeding into the intersection and attempting to pass through it on his way to the west in view of the existing traffic. The instruction was properly refused.

It was proper for the court to refuse to give the third requested instruction. That instruction was based upon Section 39–1017 (3) NDRC 1943 which was in effect at the time of this trial, but has since been repealed by Chapter 237 of the 1955 Session Laws, but incorporated therein in another form.

■ The undoubted purpose of the requirement that a driver of a motor vehicle come to a full stop before entering or crossing a through highway, Section 39–0703 NDRC 1943, is to enable a driver approaching an arterial highway to determine, first, the state of the traffic passing upon such highway, and second, whether in view of the existing traffic, if any at the time, he can safely enter upon and cross such highway.

One of the main purposes of the statute requiring a motor vehicle to come to a stop before entering a through highway is to afford the driver of such vehicle a reasonable opportunity to observe approaching traffic on the highway to be crossed or entered. Bohnen v. Gorr, 234 Minn. 71, 47 N.W.2d 459.

"Where particular highways are given preferential treatment, in that the traffic along them is accorded the right of way by statute or ordinance, or where stop signs or warnings are posted at intersections to be observed by those proceeding along one of the intersecting streets or highways, under some of such statutes or ordinances a motorist is required to come to a full stop before crossing the right of way street * * *." Blashfield's Cyclopedia of Automobile Law and Practice, Volume 2, Permanent Edition, Sec. 1032, p. 327.

Under our statute, Section 39-0703 NDRC 1943, a driver approaching an arterial or through highway is required to come to a full stop.

The duty to stop exists whether any one is at or near the crossing or in sight or not. Breker v. Rosema, 301 Mich. 685, 4 N.W.2d 57, 141 A.L.R. 867; Richardson v. Coker, 78 Ga.App. 209, 50 S.E.2d 781.

In Logan v. Schjeldahl, 66 N.D. 152, 262 N.W. 463, 465, this court said:

"When a driver operates his vehicle in an unlawful manner, as for instance by driving at an excessive speed, he loses the right of precedence which would be his under the statute had he been complying with the law, or as stated in Blashfield's Cyclopedia of Automobile Law & Practice, Permanent Edition, § 1009, 'He loses his statutory preferential status.' *This does not mean, however, that the driver who thus loses his right of way becomes a trespasser on the highway, neither does it mean that the right of way so lost is conferred upon the driver of another car.*" (Emphasis supplied.)

It has been held that a driver on a highway intersecting a favored thoroughfare, who has stopped as required, does not acquire a right of way immediately after stopping as against all vehicles on the favored thoroughfare which have not yet reached the intersection. Leader v. Staver, 278 Mich. 234, 270 N.W. 280; Perry v. Carter, 188 Tenn. 409, 219 S.W.2d 905. See Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Ed., Volume 2, Sec. 1001, p. 249 and 1955 Cumulative Pocket Parts.

Thus it was possible for the jury to determine that the defendant was negligent even though Ellis Coley Marsden, deceased, may have lost his right of way, or "preferential status."

While the instruction requested based on Section 39-1017(3) NDRC 1943 was correct as an abstract proposition of law it has no application to the facts in the case at bar, since Ellis Coley Marsden, had the right of way or a "preferential status" on Highway Number Ten as long as he was operating his motor vehicle in a lawful manner. The only positive evidence in the record as to the speed at which Mr. Marsden was driving just prior to the accident was given by the witness, Johnson, who was just behind him at the time of the accident. He testified that Mr. Marsden was driving about sixty miles per hour. That speed was prima facie lawful at the time of this accident, Section 39-0902(8) NDRC 1953 Supp.

The jury's verdict has determined that Ellis Coley Marsden was not negligent and that no negligent act of his contributed proximately to the accident. It was a question of fact for the jury to determine whether Ellis Coley Marsden, deceased, had lost his "preferential status" on Highway Number Ten just prior to the accident, and also for them to determine, even though he had, whether that conferred upon the defendant the right to enter the highway. The only evidence in the record of excessive speed is based on implication, inference, and deductions based upon physical facts existing after the accident. Section 39-1017(3) NDRC 1943 applies when the rights of the drivers are about evenly balanced. It has no application to a through highway on which a driver has a preferential or favored status if driving in a lawful manner thereon. The instruction was properly refused.

The sufficiency or insufficiency of the evidence is not before us on this appeal. The trial court determined that there was sufficient evidence in the record to sustain the verdict. The instructions given by the court were sufficiently broad to enable the jury fully to understand the law of the case. The requested instructions were properly refused.

. The judgment of the trial court is affirmed.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.