**CITY OF HOUSTON, Appellant,**

v.

George Francis HAGMAN, Jr., Appellee.

No. 13624.

Court of Civil Appeals of Texas.

Houston.

April 6, 1961.

Rehearing Denied May 11, 1961.

Second Motion for Rehearing Denied June 1, 1961.

R. H. Burks, City Atty., Homer T. Bouldin, Asst. City Atty., Houston, for appellant.

Blakeley & Williams, Carey Williams, Houston, for appellee.

COLEMAN, Justice.

Appellant has filed a motion for rehearing. The opinion handed down by this Court April 6, 1961, is withdrawn and the following is substituted as the opinion of the Court.

George Francis Hagman, Jr., hereinafter called plaintiff, brought suit for damages against the City of Houston for personal injuries sustained by him in a collision on Memorial Extension in said city. Based on the answers of a jury to special issues, the trial court entered judgment for plaintiff, and the city appeals.

Memorial Extension is a limited access street which was constructed by the city. There is a minimum speed limit of 40 miles per hour and a maximum of 50 miles per hour. The collision occurred at a point in the 3500 block of said street near an underpass at a railroad bridge. In constructing the underpass the city made a deep

cut, leaving a dirt embankment some twenty feet in height on the north side. The city failed to sod this embankment or to otherwise stabilize the soil on the steep slope. At the time of the collision there was evidence of erosion on the slope. The surface of the north side of the street carrying outbound traffic was covered with a layer of mud near the abutment of the railroad bridge. This was a divided street with three traffic lanes in each direction.

Plaintiff was driving to work at about seven o'clock in the morning. As he approached the railroad underpass, his automobile skidded out of control in the mud and crashed into the abutment of the railroad bridge which was located in the strip of land dividing the inbound and outbound lanes of traffic. Plaintiff was thrown out of the car and a following automobile crashed into plaintiff's car. As a direct result of this collision plaintiff suffered severe injuries.

It is plaintiff's contention that the failure of the city to sod the embankment or to erect a bulkhead or retaining wall to prevent the mud from washing into this street was negligence proximately causing his injuries, and the jury so found. Plaintiff further contended that the failure of the city to post warning signs was negligence and a proximate cause of the collision and resulting injuries and that the failure of the city to stabilize the soil on the embankment in some manner together with the failure to build retaining walls and to post warning signs constituted a nuisance per se constructed and maintained by the city, rendering it liable for his damages, and the answers of the jury to the special issues submitted support each of these theories of recovery.

Defendant has assigned numerous Points of Error. First, the city contends that plaintiff failed to substantially comply with the provision of the charter of the City of Houston with reference to "where" and "how" the injuries were sustained. The applicable provision of the charter requires a claimant to give written notice stating "when, where and how the injury or destruction occurred." Plaintiff at a proper time presented a notice of injury in the correct form to the Mayor and City Council which provided in part as follows:

"Gentlemen: This office represents George Francis Hagman, Jr., in connection with his claim against the City of Houston for serious personal injuries and the total destruction of his automobile as a result of a collision caused by the negligence of the City, said accident having occurred on May the 2nd, 1956 in approximately the 3500 block of the New Memorial Extension in the following manner. Mr. Hagman was driving his automobile in a generally westerly direction on Memorial Extension. Rains of the night previous had washed mud from an embankment left by the construction of Memorial Extension and not sodded or otherwise protected by the City onto the surface of the street. When Mr. Hagman drove onto this slippery mud and dirt he lost control of his automobile and crashed into a concrete pillar which supported an overhead bridge crossing Memorial Extension from north to south. Mr. Hagman was then struck by another automobile operated by Eugene S. Cano, of 510 Trinity, which had also skidded out of control on the muddy pavement."

█ This placed the "where" of the accident in the 3500 block of New Memorial Extension within a few yards of a concrete pillar supporting an overhead bridge crossing Memorial Extension from north to south. The evidence shows that there was only one concrete pillar supporting an overhead bridge in the 3500 block of New Memorial Extension. The notice given complies in this respect to the test required in Gardner v. City of Houston, Tex.Civ.App., 320 S.W.2d 715.

█ The notice was also sufficiently specific in respect to "how" the accident

happened. It states that plaintiff was driving west on Memorial Extension when he drove into slippery mud washed down from an embankment left as a result of the construction of the street, which was not sodded or otherwise protected by the city; that the slippery mud caused him to lose control of his automobile and crash into the concrete pillar and that he was then struck by another automobile. It further states that the collision was caused by the negligence of the city. The facts are stated from which a conclusion of negligence can be drawn. It is necessary that the facts be stated in the notice, but the legal consequences of such facts need not be set out. In City of Waco v. Landingham, Tex.Civ. App., 158 S.W.2d 79, 80, error ref., the Court said:

"It is generally held that the purpose of the notice, such as is here required by the city charter, is to advise the municipality in what the alleged negligence consists and give it an opportunity to investigate while the facts are fresh and the conditions remain substantially the same, thereby enabling it to better guard against fraudulent and unfounded claims and to settle the claim and avoid litigation, or to prepare for trial if it decides not to make settlement. 43 C.J. 1185. There must at least be a substantial compliance with the statute. *The description of the cause or circumstances of the injury* must be sufficient to direct attention with reasonable certainty to the *substantial defect or* act of negligence for (which) such recovery is demanded. 43 C.J. 1200. Any material variance between the *facts* concerning the cause of the injury as set out in the notice and those offered in evidence tending to defeat the purpose of the notice is fatal. 43 C.J. 1240; 30 Tex. Jur. 558." (Emphasis supplied.)

Here the city is advised that the defect complained of is the unsodded and unprotected embankment.

Plaintiff's petition presented as an act of negligence on the part of the city its failure to erect warning signs. Proof that such signs were not erected was introduced and issues were submitted to the jury, over the objection of defendant, and answered favorably to the plaintiff. The notice cannot be construed to advise the city that plaintiff would contend that it was at fault for failing to maintain signs warning the traveling public that they might expect mud on the pavement after rains. The facts were not set out in the notice. The Court erred in submitting such issues, but in view of the answers to other issues submitted the error was harmless under Rules 434 and 503, Texas Rules of Civil Procedure. City Transp. Co. of Dallas v. Davis, Tex.Civ.App., 257 S.W.2d 476, ref., n. r. e.; Coca Cola Bottling Co. v. Krueger, Tex.Civ.App., 239 S.W.2d 669.

The city contends that the pleading and proof of the fact that the city failed to erect warning signs constituted a fatal variance from the facts alleged in its notice of injury. We have held that a variance exists. However, the judgment is supported by pleadings and evidence which do not vary from the facts alleged in the notice. While no issues based on pleadings alleging acts of negligence or acts creating a nuisance not supported by the notice of injury should have been submitted to the jury, the error in submitting such issues did not cause the rendition of an improper judgment since the answers of the jury to such issues can be disregarded.

Nor are the facts set out in the notice sufficient to advise the city that plaintiff would contend that a nuisance per se, or absolute, was being maintained. The facts set out in the notice of claim, had they been admitted as true by the city, would not have supported a judgment based on nuisance absolute. In Parker v. City of Fort Worth, Tex.Civ.App., 281 S.W.2d 721, 723, the Court said:

" 'A nuisance per se is generally defined as an act, occupation, or structure

which is a nuisance at all times and under any circumstances, regardless of location or surroundings.' 39 Am. Jur., p. 289, Sec. 11. 'Acts which are denounced as illegal by law, when the perpetration of them invade the rights of others will be nuisances per se, * * *.' Trueheart v. Parker [Tex. Civ.App., 257 S.W.2d 640], supra."

The high embankment from which mud is washed into the busy street after each rain may be a nuisance, but if it is, a point we do not decide, it is not a nuisance in itself. It becomes a nuisance only by reason of rainfall and its location at the side of a street on which high speeds are required. It was not inherently dangerous in itself, but dangerous by reason of its location together with want of care in its maintenance, City of Dallas v. Newberg, Tex.Civ.App., 116 S.W.2d 476, writ dism. The answers of the jury to the issues inquiring as to whether or not the city was guilty of creating and maintaining a nuisance per se are not supported by the evidence introduced at the trial or by the facts set out in the claim for damages submitted to the city. The error of the Court in submitting such issues and in failing to disregard the answers of the jury is harmless under Rules 434 and 503, T.R.C.P.; The State v. Parrish, 159 Tex. 306, 320 S.W.2d 330.

■ We note that the plaintiff requested of the Court permission to file a trial amendment pleading nuisance in fact and has assigned error to the action of the Court in refusing such permission. We think this action of the Court error. The notice of injury alleged facts, the proof of which would have convicted the city of maintaining a nuisance in fact. The evidence on the question was fully developed and pertinent issues were presented to the Court, and their submission requested. The request for a trial amendment was made to meet the objection of the city that such issues were not supported by pleadings. Our rules of procedure contemplate that trial amendments will be freely granted under such circumstances. Rules 66 and 67, T.R.C.P. In view of our decision that the judgment for plaintiff shall be affirmed on other grounds, the error is not reversible.

Special Issues Nos. 1 and 2 inquire whether or not the failure to sod the slope of the embankment was negligence and the proximate cause of plaintiff's injuries. Special Issues 3 and 4 inquire whether the failure to erect a bulkhead or retaining wall sufficient to prevent the washing of mud onto the paved surface of the street was negligence and the proximate cause of plaintiff's injuries. Each of these issues was answered favorably to plaintiff. These matters were sufficiently called to the attention of the city in plaintiff's claim for damages and the jury's answers are supported by a preponderance of the evidence introduced in the trial court.

The city, however, contends that its failure to sod the slope or to build retaining walls could not be negligence and the proximate cause of plaintiff's injuries because: (1) the city was under no duty to do those things; (2) the city could not foresee that its failure in such respect would result in such an accident; (3) the embankment was constructed in accordance with a well recognized plan prepared by competent engineers and approved by the City Council of said city; (4) and the city had no notice, actual or constructive, of the presence of mud on the street prior to the accident.

■ In Montgomery v. City of Alamo Heights, Tex.Civ.App., 8 S.W.2d 258, 261, error dism., the Court said: "One of the public duties imposed upon a municipal government, a quasi public agency, is to provide for its inhabitants proper streets, water, and lights, and clean sanitation." "The obligation of repairing and cleaning the streets rests upon the municipal authorities, and not upon the citizens and property owners." 39 Tex.Jur., Streets § 26, p. 545. "Under statutory and charter provisions * * * cities have over their streets general authority of supervision and absolute and exclusive power and control." 39

Tex.Jur., Streets, § 57, pp. 596–597. A city has a mandatory duty to keep its streets in a reasonably safe condition for use by the public. Sitas v. City of San Angelo, Tex.Civ.App., 177 S.W.2d 85, affirmed 143 Tex. 154, 183 S.W.2d 417.

■ Obviously the duty to maintain the streets in a reasonably safe condition would include a duty to prevent such streets becoming unsafe because of conditions created by the city itself. Under ordinances requiring notice of defects in streets as a condition to liability of the city, such notice is not required if the defect grew out of the manner of construction of the street; City of Houston v. Owen, Tex.Civ.App., 67 S.W. 788; nor is such notice necessary when the injury is "brought about by negligent constructions made by the city itself, or under its direction, where otherwise a cause of action would exist." Hanks v. City of Port Arthur, 121 Tex. 202, 48 S.W. 2d 944, 947, 83 A.L.R. 278. In the case above cited the court quoted with approval White on Negligence of Municipal Corporations, § 285, to this effect:

" 'No notice need, therefore, be shown of a defective construction of a sidewalk, bridge, or *any portion* (emphasis added) of a street or highway in a city * * *. In accordance with the main principle, proof of notice was held unnecessary where a city constructed a drain which obstructed a sewer and caused an overflow; where the displacement of a sewer cover causing injury to a pedestrian was the result of negligence of the city in the original construction of the sewer; and where the defect was the sinking of the earth over a negligently filled pipe trench in a street.' "

■ The defect complained of here was the construction of a high embankment, whic hnecessarily drained into the adjoining street on which automobiles were required to travel at high rates of speed, without making any provision for the stabilization of the soil or otherwise preventing the soil from being deposited in the street when it rained. The jury found that this failure on the part of the city was negligence. The evidence would not support a finding that the mud which caused plaintiff's car to skid had been in the street long enough to charge the city with notice of its existence or that the city had had time to remove it prior to the accident. However, the embankment had been completed for a period of months and the street had been in use for such a length of time. Evidence of erosion was visible. It had rained several times previously and mud had washed into the street, where engineers from the City Public Works Department had seen it. Other witnesses testified that mud accumulated at this place in the street after rains. The policeman investigating the accident while it was raining saw mud being washed from the embankment into the street. The embankment consisted of sandy soil which is subject to erosion. One of the engineers for the city testified that he expected some erosion. The City of Houston lies in an area of heavy rainfall.

The accumulation of mud in the street is analogous to a situation where snow and ice have accumulated in a street or on a sidewalk. The general principles regarding liability of municipal corporations for injuries caused by slipping on snow and ice are found in 63 C.J.S. Municipal Corporations § 811, p. 141, "Snow and ice, by themselves, do not constitute a defect in a street, and liability of a municipality * * * depends on whether the city has been negligent."

"So the municipality may be held liable for injuries resulting from snow or ice on a roadway where the existence of the accumulation is due to some other act or neglect on the part of the municipality, such as the defective construction or condition of the way, or the condition of a water main, hydrant, or drain, or the sprinkling of streets in freezing weather." Ibid., § 812, pp. 141–142.

"Liability may also exist in case of an accumulation (of ice) due to negligence on the part of the municipality in permitting water to be discharged upon the sidewalk from a conductor leading from the roof of an adjacent building or in failing to prevent the flow of surface waters upon a walk." Ibid., § 813(b), p. 147.

City of Chickasha v. Daniels, 123 Okl. 73, 251 P. 978, 51 A.L.R. 568; Beane v. St. Joseph, 215 Mo.App. 554, 256 S.W. 1093; Hubbard v. City of Wood River, 244 Ill. App. 414; Bailey v. City of Oil City et al., 305 Pa. 325, 157 A. 486, 80 A.L.R. 1148.

■ In Taylor v. City of Albany, 239 App.Div. 217, 267 N.Y.S. 903, affirmed 264 N.Y. 539, 191 N.E. 554, the Court held that where a city approved a railroad's construction of a bridge over a highway knowing of failure to provide drainage for depressed pavement under bridge, written notice to the city of accumulation of ice thereunder was unnecessary to render the city liable for resulting injuries. Corts v. District of Columbia, 18 D.C. 277, was cited in 63 C.J.S. Municipal Corporations § 814, p. 150, as authority for the proposition that "where a municipality has knowledge that a sidewalk is in such condition that it would be dangerous when covered with ice and snow, a fall of snow is immediate notice to it that the sidewalk at that point is in a dangerous condition." Fackrell v. City of San Diego, 26 Cal.2d 196, 157 P.2d 625, 629, 158 A.L.R. 773, held that:

"If the improvement is designed to be used without inspection and maintenance and under varying conditions which are normally to be anticipated then it should be made reasonably safe for ordinary use under all of those conditions and if, under any one or more of them, it is, or naturally will become, unsafe for such use because of its planned design then it is inherently dangerous. The defect and danger are no less inherent merely because the anticipated and to be expected conditions which activate such defect and danger are to be present only occasionally. Here the rains and the erosion were actually expected yet the sidewalk was left open to the public for use after the rains as well as before and with no warning based on the defendant's superior knowledge of the danger created.

"In Black v. Southern Pac. Co. (1932), supra, 124 Cal.App. 321, 328, 12 P.2d 981, 984, the court said: 'While the record discloses no evidence that the engineer or any member of the board of public works had knowledge or notice [of the dangerous condition] before the accident * * * it has been held that, where the dangerous condition is due to the negligent act or omission of the officers doing or directing the work, it is unnecessary to prove as a condition to liability that they had notice of the condition and the authority and duty with funds available to correct it. Moore v. Burton, 75 Cal. App. 395, 242 P. 902. *Nor should a different rule prevail where a proposed improvement will be reasonably certain to endanger the public, unless precautionary measures are taken as part of the projected work, and it is completed and left without the necessary safeguards.*' (Italics added.)"

Notice may be shown by circumstantial evidence, and will be imputed to the city if the obstruction complained of was caused by construction authorized, or acquiesced in, by the city. City of Wichita Falls v. Geyer, Tex.Civ.App., 170 S.W.2d 615.

The City of Houston was under a duty to maintain its streets in a reasonably safe condition. The evidence establishes that the mud in the street rendered its use hazardous. Before the city can be held liable for such a hazardous condition, it must have notice of the defect either actual or constructive. Conditions created by the city or under its authority are known to the city. The construction of the high embankment out of sandy soil immediately ad-

jacent to the street without provision for stabilization of the soil was known to the city and it is charged with knowledge of the hazardous condition resulting therefrom during and after normal rainfall. The city could reasonably have foreseen that the accumulation of mud washed from the embankment during normal rainfall into the street would probably result in such an accident as happened on this occasion.

The Supreme Court of Texas, in Dilley v. City of Houston, 148 Tex. 191, 222 S.W.2d 992, 994, approved as a correct statement of the law the proposition that "a municipal corporation is not liable for the construction of an improvement in accordance with a well-recognized plan prepared by competent engineers." The evidence establishes that the "plan" was prepared by competent engineers. However, the "plan" did not mention sodding or otherwise protecting the slope from the effects of erosion, and provided no means of preventing the deposit of mud in the street. There was evidence that the city had not previously been faced with this problem. The testimony is clear that under normal conditions of rainfall a dangerous condition was certain to be created in the street by reason of the unprotected slope. As a matter of law, the plan was obviously defective and one so obviously dangerous as would show a failure of the governing body to consider this aspect of the plan. Under such conditions it is generally recognized that the rule of Dilley v. City of Houston, supra, is not applicable. City of Louisville v. Redmon, 265 Ky. 300, 96 S.W.2d 866; Russell v. Sioux City, 227 Iowa 1302, 290 N.W. 708.

The city further complains that it would not be liable for the injuries suffered by plaintiff because they were caused by another car striking him. It would be difficult to separate the damage caused when plaintiff's car struck the abutment from that caused by the Cano automobile and no attempt was made to do so. While plaintiff testified at one point that his in-juries were caused by the Cano car we do not consider that important. It is well settled that a tort-feasor is responsible for all damage proximately resulting from his negligence. The fact that an automobile might get out of control in loose mud on a busy street carrying fast traffic and be struck by another automobile is well within the limits of foreseeability. Lone Star Gas Co. v. Fouche, Tex.Civ.App., 190 S.W.2d 501, error ref., w. m. It is not necessary that the exact injury, or that the exact methods by which injury might be inflicted be foreseen. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352; Sturtevant et al. v. Pagel et ux., 134 Tex. 46, 130 S.W.2d 1017, 1019.

Except as otherwise stated herein, the assignments of error urged by the City are denied. We do not find it necessary to consider plaintiff's cross-assignments of error.

The judgment of the Trial Court is affirmed.

Appellant's motion for rehearing is overruled.